FRANCES S. WALKER, Respondent, v. FRANK B. WALKER, Appellant.

1. DIVORCE — ALIMONY — CODE CIV. PRO. § 1759.   Under the statute (Code Civ. Pro. § 1759) as it stood in 1891, the courts had no authority to change the amount of alimony allowed, after a final judgment of divorce had been entered.

2. AMENDMENTS AUTHORIZING CHANGE IN ALIMONY NOT RETROACTIVE. The amendments of 1894 (Ch. 728) and 1895 (Ch. 891) to section 1759 of the Code of Civil Procedure, to the effect that the court may, after final judgment, vary the direction as to alimony, are not retroactive, and do not confer authority to change the amount of alimony allowed in a judgment entered prior to their adoption.

Walker v. Walker, 21 App. Div. 219, reversed.

(Argued January 10, 1898; decided March 1, 1898.)

APPEAL, by certification, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 21, 1897, affirming an order modifying a judgment for divorce entered February 11, 1891, by increasing the amount of alimony directed to be paid to the plaintiff from four to eight dollars per week.

The judgment provided that the marriage between the parties be dissolved, and that the defendant pay to the plaintiff, as alimony for her support, the sum of four dollars a week from the twenty-ninth of November, 1890, during her natural life.   The judgment contained no provision permitting either of the parties to apply for any change or modification of it.

A motion was subsequently made at Special Term to increase the alimony allowed.   It was based upon the petition of the plaintiff showing the improved pecuniary condition of the defendant.   The motion was granted and the amount was increased.   An appeal was taken from that order to the Appellate Division, where it was affirmed, and, pursuant to an order allowing the same, an appeal has been taken to this court. The question certified for determination is: "Did the court have power to make the order at Special Term from which the appeal to this court is taken?"

*Daniel P. Mahony* for appellant. The question certified by the Appellate Division for review in this court involves the power of the Supreme Court, under the amendments of the Code, sections 1759 and 1771, by the Session Laws of 1894 and 1895, to increase an allowance for permanent alimony contained in a judgment for absolute divorce made in February, 1891. (L. 1894, ch. 728; L. 1895, ch. 891; *Park* v. *Park*, 18 Hun, 466; *Sanford* v. *Sanford*, 28 J. & S. 52; *Chamberlain* v. *Chamberlain*, 63 Hun, 96; *Tonjes* v. *Tonjes*, 14 App. Div. 542; *Kamp* v. *Kamp*, 59 N. Y. 212; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *People ex rel.* v. *Spicer*, 99 N. Y. 225; Wade on Retroactive Laws, § 34; *Wait* v. *Wait*, 4 Barb. 192; *Matter of Ensign*, 103 N. Y. 284.) The conclusion of the Appellate Division, and the views of the court, as expressed in the prevailing opinion, are not in harmony with the current of authority in this state. (*Romaine* v. *Chauncey*, 129 N. Y. 566; *Wetmore* v. *Wetmore*, 149 N. Y. 520; *Stahl* v. *Stahl*, 12 N. Y. Supp. 855; *Noble* v. *Noble*, 20 App. Div. 395; *Matter of Ensign*, 103 N. Y. 284.)

*Roger Foster* for appellant. The statute was not intended to operate retrospectively. (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *Johnson* v. *Johnson*, 65 How. Pr. 517; *Dash* v. *Van Kleeck*, 7 Johns. 477; *Sturgis* v. *Hall*, 48 Vt. 302; *Strafford* v. *Sharon*, 61 Vt. 126; *Johnson* v. *Burrell*, 2 Hill, 238; *People ex rel.* v. *Bd. Suprs.*, 63 Barb. 83; *White* v. *Blum*, 4 Neb. 555; *Cochran* v. *Douglass*, 25 Pitts. L. J. 120; *Kingsbury* v. *Sperry*, 119 Ill. 279.) If the act should be given a retrospective construction it would violate the Constitution of the United States by impairing the obligation of a contract. (*Nazro* v. *M. O. Co.*, 36 Hun, 296; *Desmoyer* v. *Jordan*, 27 Minn. 295; *Westervelt* v. *Gregg*, 12 N. Y. 202; *Ryder* v. *Hulse*, 24 N. Y. 372; *Dartmouth College* v. *Woodward*, 4 Wheat. 514; *Barnitz* v. *Beverly*, 163 U. S. 118; *McCracken* v. *Hayward*, 2 How. [U. S.] 608.) If the statute were given a retrospective construction it would be a violation of both the Constitution of the United States and the Consti-

tution of this state, by taking property without due process of law, and taking private property for a private use without compensation. (*Pritchard* v. *Norton,* 106 U. S. 124 ; *Erwin* v. *U. S.,* 97 U. S. 302 ; *Danolds* v. *State of N. Y.,* 89 N. Y. 36 ; *Westervelt* v. *Gregg,* 12 N. Y. 202 ; *Ryder* v. *Hulse,* 24 N. Y. 372 ; *Dunn* v. *Sargent,* 101 Mass. 336 ; *Jackson* v. *Sublett,* 10 B. Mon. 467 ; *Koehler* v. *Miller,* 21 Ill. App. 557 ; *White* v. *White,* 5 Barb. 474 ; *Preston* v. *Williams,* 81 Ill. 176.) The reasoning of the opinion of the Appellate Division is fallacious. (*Romaine* v. *Chauncey,* 129 N. Y. 566 ; *Wetmore* v. *Wetmore,* 149 N. Y. 520 ; *C. C. T. Co.* v. *K. C. R. R. Co.,* 154 N. Y. 493 ; *Westervelt* v. *Gregg,* 12 N. Y. 202 ; *Van Voorhis* v. *Brintnall,* 86 N. Y. 18 ; *Matter of Ensign,* 103 N. Y. 284.)

*Max Meyer* and *William Phlippeau* for respondent. The decree of divorce does not relieve a guilty defendant from the continued performance of the marital obligation of support. (*Wetmore* v. *Wetmore,* 149 N. Y. 520 ; *Romaine* v. *Chauncey,* 129 N. Y. 566 ; *Wait* v. *Wait,* 4 N. Y. 95 ; *Burr* v. *Burr,* 7 Hill, 207 ; *Wellingsford* v. *Wellingsford,* 6 H. & J. 485 ; *Daniels* v. *Lindley,* 44 Iowa, 567 ; *Gunther* v. *Jacobs,* 44 Wis. 354 ; *Campbell* v. *Campbell,* 37 Wis. 206 ; *Bertles* v. *Nunan,* 92 N. Y. 152 ; *Williams* v. *Thorn,* 70 N. Y. 270 ; *Tolles* v. *Wood,* 99 N. Y. 616.) Section 1771 of the Code of Civil Procedure, as amended by the Laws of 1895, is a remedial statute. (L. 1813, ch. 102 ; L. 1815, ch. 221 ; *Miller* v. *Kent,* 6 Johns. Ch. 91 ; *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456 ; *Kamp* v. *Kamp,* 59 N. Y. 212 ; Code Civ. Pro. §§ 1759, 1771 ; L. 1895, ch. 891 ; *Tonjes* v. *Tonjes,* 14 App. Div. 542.) The statute is retrospective and affects judgments entered prior to its enactment. (*Hudler* v. *Golden,* 36 N. Y. 446 ; *People ex rel.* v. *Suprs., etc.,* 65 N. Y. 300 ; *Southwick* v. *Southwick,* 49 N. Y. 510 ; *People ex rel.* v. *Spicer,* 99 N. Y. 225 ; *Ayers* v. *Lawrence,* 59 N. Y. 192 ; *People ex rel.* v. *Lacombe,* 99 N. Y. 43 ; 1 Kent's Com. 455 ; *Matter of Rochester Water Comrs.,* 66 N. Y. 413 ; *Smith* v. *People,* 47

N. Y. 330; *People ex rel.* v. *Clute*, 50 N. Y. 451; *Bank of Metropolis* v. *Faber*, 150 N. Y. 200; *People ex rel.* v. *Butler*, 147 N. Y. 164; *Spencer* v. *Myers*, 150 N. Y. 269; *Delafield* v. *Brady*, 108 N. Y. 524.) The statute does not violate any provision of the Constitution. It affects no vested rights, existing contracts or causes of action. (*Sweet* v. *City of Syracuse*, 129 N. Y. 316; *People ex rel.* v. *Angle*, 109 N. Y. 567.)

MARTIN, J. The courts of this state have no common-law jurisdiction over the subject of divorce, their authority being confined to the exercise of such express and incidental power as is conferred upon them by statute. (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456, 463; *Washburn* v. *Catlin*, 97 N. Y. 623.) Therefore, the power to make this order, if it existed, must be sought for in the statutes relating to the subject. As it stood when the judgment in this case was entered, the Code of Civil Procedure, the only statute then relating to the subject, provided that, where an action for divorce was brought by a wife, the court might, *in the final judgment* dissolving the marriage, require the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of the plaintiff, as justice required, having regard to the circumstances of the respective parties. (§ 1759.) Under that statute, as well as under the Revised Statutes, after the entry of a final decree establishing the rights of the parties, the court had no power to order an additional allowance for the support of the wife. The jurisdiction of the court over the subject-matter of such an action, and of the parties, in respect to the matters involved in it, terminated with the entry of a final judgment, except as to proceedings for the enforcement of it, or to correct any mistakes in the record. (*Kamp* v. *Kamp*, 59 N. Y. 212; *Erkenbrach* v. *Erkenbrach*, *supra;* *Chamberlain* v. *Chamberlain*, 63 Hun, 96.)

But the respondent contends that the doctrine of those cases has been overruled by the subsequent cases of *Romaine* v. *Chauncey* (129 N. Y. 566), and *Wetmore* v. *Wetmore* (149 N.

Y. 520). The question under consideration here was not involved in either of the cases cited, and the remarks in the opinions which are relied upon by the respondent related only to the general duty of a husband to support his wife, and to the fact that he was not entirely relieved from his marital obligations by a judgment of divorce. We find no authority in those cases for the respondent's contention in this. Obviously, they were not so intended, as in the *Romaine* case Judge FINCH said : " The *form* and *measure* of the duty are indeed changed, but its substance remains unchanged," while in the *Wetmore* case Judge HAIGHT remarked : " Being the guilty party, his duty is continued, and is *measured and fixed by the decree.*" The decisions in those cases furnish no authority for the doctrine that, under the statute as it stood in 1891, the amount of alimony might be changed after a final judgment is entered.

Another ground upon which the respondent seeks to defeat this appeal is, that the statute as it existed in 1891 was amended by chapter 728 of the Laws of 1894 and chapter 891 of the Laws of 1895 by adding a provision to the effect that the court might, after a final judgment, annul, vary or modify such a direction, and that, under the statute as thus amended, an order might be made to change the amount of the alimony allowed. In determining the effect of these amendments, the question arises whether they were retroactive and thereby conferred upon the court authority to alter, vary or modify a final judgment which had been previously entered in pursuance of a statute which contained no such provision. The general rule is that an original statute, or an amendment, will be construed as prospective only, unless the language clearly and plainly indicates a contrary purpose, and it will not be given a retroactive effect when it is capable of any other construction. (Sutherland on Statutory Construction, p. 600 ; *Dash* v. *Van Kleeck*, 7 Johns. 477 ; *People* v. *Supervisors*, 43 N. Y. 120 ; *Benton* v. *Wickwire*, 54 N. Y. 226, 229 ; *N. Y. & Oswego M. R. R. Co.*, v. *Van Horn*, 57 N. Y. 473, 477 ; *People* v. *McCall*, 94 N. Y. 587 ; *People* v.

11

*O'Brien*, 111 N. Y. 1, 60.)    There is nothing in the amendments under consideration to show that they were intended to have other than a prospective effect.    But it is urged that as the statute was a remedial one, a different construction should obtain.    While it has been held that remedial statutes may have a retroactive effect where it is clear that the legislature so intended, still, as there is in these amendments nothing to indicate any intent upon the part of the legislature that they should affect judgments already entered, they fall within the general rule, and not within any exception.    If the doctrine contended for was sustained, it would apply to the reduction of alimony in judgments existing when the amendments were adopted, as well as to its increase.    If such an effect was given to them their constitutionality might well be doubted, as they might affect the vested rights of a party, and impair the obligation of contracts.    We think they should receive no such construction, but should be held to have only a prospective effect and to apply only to judgments entered subsequently to their passage.    Hence, the Supreme Court had no authority to make the order appealed from.

The orders of the Appellate Division and Special Term should be reversed, the motion denied, and the question certified to this court answered in the negative, with costs in all the courts.

All concur, except GRAY, J., absent.

Orders reversed, etc.