(23 Misc. Rep. 80.)

### CULLEN v. CULLEN.

(Supreme Court, Special Term, New York County.   March, 1898.)

1. COURTS—LAW OF CASE.

In a proceeding by the people against a husband for abandoning his wife, from whom he had separated under a decree. the court of appeals declared that under the decree the remedy of applying for alimony, in view of the change of the pecuniary circumstances of the husband, had always been, and was then, open to the wife.   Held, on a subsequent application by the wife for alimony at special term, that the declaration of the court of appeals was the law of the case, although there seemed to be some conflict between such declaration and a later decision of said court.·

2. DIVORCE—ALIMONY—AMOUNT.

Although the husband was physically incapable of earning anything towards his wife's support, the fact that he had property which he could not sell, because of his wife's contingent right of dower, and from which he received an income of about $1,000 per year, most of which was needed for his own support, is ground for granting alimony of $3 per week.

Action by Eliza Cullen against William Cullen.   On motion by plaintiff for alimony.   Granted.

George W. Dease, for plaintiff.
Merrill & Rogers, for defendant.

FREEDMAN, J.   In the course of the opinion delivered by O'Brien, J., in People v. Cullen, 153 N. Y. 629, 47 N. E. 894, it was emphatically declared that, under the decree of separation in this action, the remedy of applying for alimony, in view of the change of the pecuniary circumstances of the defendant, "has always been open to the wife and is open to her still."   I do not feel at liberty to disregard that emphatic declaration as obiter dictum.   The attention of the court was, by the brief of the counsel for Mr. Cullen, directed to the decree of 1883, and it was claimed that the obligation of the husband to support the wife was terminated by that decree.   The attention of the court was also directed to the decisions in Erkenbrach v. Erkenbrach, 96 N. Y. 456, and Kamp v. Kamp, 59 N. Y. 212.   Notwithstanding the points thus urged, it was said that the remedy of applying for alimony upon proof of a change in the pecuniary circumstances of the defendant has always been open to the wife, and is open to her still.   That statement undoubtedly was made in view of the provision of the decree permitting such an application to be made upon proof of a change in the pecuniary circumstances of the defendant.   I feel, therefore, bound to accept the statement referred to as the law applicable to the

case at bar, although it may be difficult to reconcile it with the more recent decision of the court of appeals in Walker v. Walker (made March 1, 1898) 49 N. E. 663.

The question, then, remains whether a case has now been presented which calls for an award of alimony. It appears, as it appeared before the court of appeals, that the age and physical condition of the defendant are such as to render him incapable of earning anything towards the support of his wife, from whom he has been separated for about 30 years. The proof, however, establishes that he has some real property, none of which he can sell or mortgage because of the plaintiff's contingent right of dower, and which is in a dilapidated condition. His income from it does not exceed $1,000 a year, and most of it, if not all, is needed for his own support. Upon a consideration of all the circumstances disclosed, and especially in view of the expense to which he was unjustly put by the institution of groundless criminal proceedings against him, I am of the opinion that the alimony to be awarded should not exceed three dollars per week from the service of the order to be entered hereon.

Plaintiff's motion is granted to that extent.