(33 App. Div. 296.)

### HAUSCHELD v. HAUSCHELD.

(Supreme Court, Appellate Division, First Department.   October 7, 1898.)

1. JUDGMENTS—ORDERS—VACATION—MOTIONS.

An order made on notice and after a hearing, at which both parties are represented, cannot be vacated on motion unless the order was not within the jurisdiction of the court.

2. DIVORCE—ALIMONY—JURISDICTION TO AWARD—JUDGMENTS.

A judgment granting a divorce, but reserving the question of alimony for the further consideration of the court, continues in the court the jurisdiction to determine as to alimony, notwithstanding Code Civ. Proc. § 1759, subd. 2, authorizes the court only in the final judgment dissolving the marriage to require defendant to provide for plaintiff, since the judgment is not final until the matters reserved therein are decided.

3. SAME—RETROSPECTIVE LAWS.

Code Civ. Proc. § 1759, as amended in 1894, by permitting the modification of a direction as to alimony after the rendition of a final judgment, does not include judgments entered before the passage of the amendment.

Appeal from special term, New York county.

Action by Mary E. Hauscheld against George W. Hauscheld for a divorce. There was a judgment granting the divorce, and plaintiff afterwards obtained an order for the payment of alimony. From an order denying defendant's motion to vacate the order granting alimony, he appeals. Affirmed.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

F. H. Richmond, for appellant.

Robert Goeller, for respondent.

RUMSEY, J. On the 31st of July, 1885, a judgment was entered in this action by which the plaintiff was awarded an absolute divorce from the defendant. It contained, however, no direction requiring the payment of alimony to the plaintiff, but instead there was the following: "It is further ordered and adjudged that the question of alimony, and the amount to be paid, if any, by the defendant, George W. Hauscheld, for the support, maintenance, and education of said child, Reese C. Hauscheld, be reserved for the further consideration of this court." No application was made to the court to exercise its discretion in regard to the matter reserved until 1895, when, upon motion, an order was made requiring the defendant to pay to the plaintiff eight dollars a week. This order was made upon notice, and contains a recital that counsel appeared for the defendant in opposition to it. The order seems to have been entered on the 12th day of March, 1895. The defendant complied with the requirements of this order until some time in 1898, when he moved to vacate it. That motion was denied,

and from the order denying it this appeal is taken. The order modifying the original judgment, having been made upon notice and after hearing, at which both parties were represented, could only be reviewed by appeal, and a motion to vacate it was not proper unless the order was one which the court had no jurisdiction to make. Therefore, if the court had jurisdiction to make the order of March, 1895, by which the defendant was required to pay eight dollars a week, the court was right in refusing to vacate it upon motion, and for that reason the only question presented upon this appeal is whether the court had jurisdiction to make the original order which was sought to be vacated.

The jurisdiction of the court in actions for separation and for divorce is purely statutory, and it has no authority to make any order or direction in such actions except such as is given to it by the statute which confers jurisdiction. The power to grant alimony is conferred, but it must be exercised only in the way in which the statute authorizes it, and at the time when the statute permits it to be done. The statute in force in that regard at the time the original judgment was made in this action was contained in the Code of Civil Procedure, and authorized the court, in a final judgment dissolving the marriage, to require the defendant to provide suitably for the education and maintenance of the children of that marriage, and for the support of the plaintiff, as justice required, having regard to the circumstances of the respective parties. Code Civ. Proc. § 1759, subd. 2. The power given by this statute is substantially the same which was given by the Revised Statutes. 2 Rev. St. p. 145, § 45. Under that section it had been held that when the court had once acted upon the question of alimony in the final judgment, it was powerless to modify the direction therein made, and that if the final judgment contained no provision whatever with regard to alimony it would be construed as a denial of it, and there was no power after the entry of final judgment by further directions to grant the alimony which had been refused in the final judgment. Kamp v. Kamp, 59 N. Y. 212; Erkenbrach v. Erkenbrach, 96 N. Y. 456. These cases settle the rule that, having once disposed of the question of alimony, the court had no power to take any further action upon it; and such was the law undoubtedly until the amendment of 1895 to the section of the Code of Civil Procedure now under consideration. That section, however, had no retrospective force, and it gave to the court no power to modify the judgment before then entered. Walker v. Walker, 155 N. Y. 77, 49 N. E. 663. But the giving of alimony in an action for separation or for a divorce has always been regarded as merely incidental to the main relief sought in the action, and the courts have not infrequently reserved the question of alimony after the granting of the final decree. Cooledge v. Cooledge, 1 Barb. Ch. 77; Forrest v. Forrest, 25 N. Y. 501; 2 Bish. Mar. & Div. § 497. In the case last cited the question of alimony stood undecided for 12 years after the final judgment dissolving the marriage had been entered, and the court of appeals affirmed the judgment of the superior court determining the right of alimony after that long period of time. In this case, as we have seen, the question of alimony was reserved for further consideration. This

is not unusual in equity cases, where the matter reserved is incidental to the final judgment, and cannot be determined until other facts than those which are made to appear upon the trial have been presented to the court. The question of alimony being merely incidental to the main question whether or not a divorce or separation shall be granted to the plaintiff, the facts bearing upon that question do not necessarily appear upon the hearing of the issues in the case. Indeed, frequently it is impracticable that they should be made to appear. It is not improper, therefore, where that is the case, that the facts bearing upon the question of alimony should be determined after the main questions have been decided, and to that end that the question should be reserved in the entry of final judgment. Did that reservation continue in the court the jurisdiction to make a determination as to alimony, although final judgment had been entered in the action? We regard that question as no longer an open one in this state. Passing by the cases of Cooledge v. Cooledge and Forrest v. Forrest, above cited, very recent cases in which the question has been discussed by the court of appeals leave no doubt, in our judgment, as to the answer which we are bound to give to it. In the case of Galusha v. Galusha, 138 N. Y. 272, 33 N. E. 1062, it appeared that upon the trial of a former action for an absolute divorce the court had entered in the final judgment a direction that the question of alimony stand for the further consideration of the court. In view of that provision of the judgment, the court held that the question of alimony, having been especially reserved for the further consideration of the court, was still within its jurisdiction to determine. This proposition lay at the very foundation of the argument by which the court, in the case cited, reached the conclusion which it did, and it is not, therefore, to be regarded as dictum, although it is probable that the court might have reached the same conclusion without determining it. But, as the court did determine it, and the opinion, in which it was discussed at considerable length, was concurred in by all the judges, it must be taken as a final conclusion of the court of last resort that the reservation of such a question still leaves jurisdiction in the court to finally determine it after entry of judgment for divorce. In the later case of People v. Cullen, 153 N. Y. 629, 47 N. E. 894, it was said in the opinion of the court that, having reserved the question of alimony, the court had still power to modify its decree in that regard. The opinion in which this was stated was concurred in by all the judges constituting the court.

It is claimed, however, that the case of Walker v. Walker, 153 N. Y. 77, 49 N. E. 663, is an authority against this conclusion which substantially overrules these cases. In Walker v. Walker the question arose upon an appeal from the order modifying the judgment by granting alimony, and it appeared that no reservation of the question of alimony had been made by the court; and because of that fact that case is not authority in the case at bar. It clearly could not have been the intention in that case to overrule the case of Galusha v. Galusha or of People v. Cullen, both of which were recently decided, because no reference was made to either of those cases in the opinion in Walker v. Walker; and the case of People v. Cullen was decided by

a court composed of precisely the same judges as those sitting when the case of Walker v. Walker was determined. The cases are clearly distinguishable, and cannot be controlled by the same considerations. The fact that the right of modification is reserved in the judgment must be taken to be the controlling fact, which continues in the court the jurisdiction to determine the question of alimony, although it is not disposed of by the judgment for divorce. It is said, however, that the statute permits alimony to be granted only by the final judgment. But, so long as there is a reservation of matters for the further consideration of the court, the judgment is not final until those matters are finally disposed of. The order of March 12, 1895, should have been made a portion of the judgment, which would then have become a final judgment, within the provisions of the Code. But this is a mere matter of form, which does not affect the validity of the order which is sought to be set aside. If it were necessary to enter the direction for payment of alimony, a formal order for such a direction must have been made before the final judgment could have been entered. We must conclude, therefore, that the court had jurisdiction to make the order for the payment of alimony, and that the remedy of the defendant was only by appeal.

For that reason, the order appealed from must be affirmed, with $10 costs and disbursements. All concur.