MARY W. LIVINGSTON, Respondent, *v.* WILLIAM S. LIVINGSTON, Jr., Appellant.

In the Matter of the Application of the Defendant for a Modification of the Judgment or Decree in this Action.

*Decree of divorce — it cannot be amended so as to reserve the right to modify it as to alimony.*

Where a decree of divorce awarding alimony contains no provision reserving to the court the power to alter or modify the judgment in respect to the alimony, or in any other particular, the court has no power to amend it by inserting such a provision.

*Semble,* that in such a case the power of the court over its judgment is limited to the correction of mistakes, or its vacation because of fraud.

APPEAL by the defendant, William S. Livingston, Jr., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of October, 1899, denying his motion to modify the judgment in the action.

*James MacGregor Smith,* for the appellant.

*A. H. Hummel,* for the respondent.

INGRAHAM, J.:

On April 28, 1882, a judgment was entered in the Superior Court of the city of New York, by which the marriage between the plaintiff and the defendant was dissolved, the care and custody of the two minor children, the issue of the marriage, awarded to the plaintiff, and the defendant directed to pay to the plaintiff the sum of $4,000 a year alimony, and to give a bond in the penalty of $10,000, conditioned for the due payment thereof. Such bond was duly given and such judgment remains in full force. There was no provision in this judgment reserving the power to modify the judgment as to alimony, or in any other particular. It has been held that where such a power is reserved by the judgment, the judgment is not final as to such matters as were reserved for future consideration, and that the court has power to subsequently modify the judgment as to the particulars relating to the matters reserved. (*Hauscheld* v. *Hauscheld*, 33 App. Div. 296, and cases cited.) It has also been held that where no such power is reserved by the final judgment, the court has no power to modify or alter the judgment, except so far as is necessary for its enforcement, or to correct a mistake. (*Walker* v. *Walker*, 155 N. Y. 80.) In that case Judge MARTIN, delivering the opinion of the court, says: "Under that statute, as well as under the Revised Statutes, after the entry of a final decree establishing the rights of the parties, the court had no power to order an additional allowance for the support of the wife. The jurisdiction of the court over the subject-matter of such an action, and of the parties, in respect to the matters involved in it, terminated with the entry of a final judgment, except as to proceedings for the enforcement of it, or to correct any mistakes in the record." Upon the final rendition of this judgment, therefore, the court had no power to modify the decree so far as the substantial rights of the parties were concerned, except to correct mistakes. Of course it was not intended to limit the power of the court to vacate or set aside a judgment for fraud, or where, in consequence of an omission or mistake, justice required the modification. But so far as the substantial question in dispute between the parties was concerned, a judgment thus duly entered, the court having jurisdiction of the parties and the subject-matter, could only be reversed or modified on appeal. The defendant does not dispute this principle, but

applies to modify the judgment by inserting in it a clause reserving to the court the right to modify the provision as to alimony, no such reservation being inserted in the judgment as entered. But the insertion of such a reservation is as much an interference with the judgment itself as the attempted modification of the judgment when such right was not reserved. The judgment disposed of the question between the parties as to the amount of alimony to be paid and the conditions under which it should be paid. That question was directly at issue in the action, and was determined by the judgment. The judgment then became a final judgment binding upon the parties. The court has no more right, after the rights of the parties have been fixed by the final judgment, to insert such a reservation making the judgment subject to future consideration and modification, than it has directly to modify the provision for the payment of alimony when such right is not reserved. We think that to grant this application would be an express violation of the principle established in *Walker* v. *Walker* (*supra*) and that the court below properly denied the motion.

The order appealed from is affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.