(59 App. Div. 393.)

### In re HAWORTH.

(Supreme Court, Appellate Division, Third Department.   March 6, 1901.)

1. DIVORCE—CUSTODY OF CHILD—DECREE—MODIFICATION.
    Code Civ. Proc. § 1771, as amended in 1895, provides that the court, on application of either party to an action of divorce, may, after due notice to the other party, annul, vary, or modify directions as to the custody of children at any time after final judgment.   *Held* that, where a final decree was entered prior to 1895, an application cannot be maintained to modify a decree as to the custody of the child, since the statute applies only to judgments rendered after the amendment.

2. SAME—APPLICATION.
    Code Civ. Proc. § 769, provides that a motion on notice in the supreme court must be made within the judicial district in which the action is triable, or in an adjoining county.   *Held* that, where a decree awarding plaintiff a divorce was entered in C. county, an application to modify the decree cannot be maintained in E. county, which is not in the same judicial district with, nor adjoining, C. county.

Appeal from special term, Erie county.

Action by Clay Brown against Alice A. Brown for divorce.   Application by defendant (Alice A. B. Haworth by subsequent marriage) to modify decree awarding custody of child to plaintiff.   From a judgment modifying the decree and awarding the child to defendant, plaintiff appeals.   Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, and SMITH, JJ.

Bouton & Champlin (Irving H. Palmer, of counsel), for appellant.
George N. Bauder, for respondent.

KELLOGG, J.   An action for divorce absolute on statutory grounds was brought by Clay Brown against the applicant here, Alice A. Brown.   The venue was laid in Cortland county, where plaintiff resided and still resides.   The final judgment therein and decree of divorce was entered in Cortland county in November, 1894. The decree of divorce awarded the custody of the child to plaintiff, Clay Brown.   This application is made to modify that decree, and give the custody of the child to the defendant in that action, Alice A. Brown (now, by subsequent marriage, Alice A. Brown Haworth).

Counsel for the applicant claims that section 1771 of the Code of Civil Procedure authorizes this application.   In this we think he is in error.   This section of the Code, before its amendment in 1895, did not authorize such an application after the entry of the final decree.   That the section as amended, giving authority to the court to so modify a final judgment, is not retroactive, and is applicable only to judgments rendered after the amended act went into effect, is distinctly held in Walker v. Walker, 155 N. Y. 77, 49 N. E. 663.   That

was an application to increase the alimony fixed in the final judgment. The power of the court to fix alimony and determine the custody of children of the marriage, and have the final decree express its determination, was declared by this section 1771 before amendment, but no power was given to thereafter modify in either respect. And Walker v. Walker, supra, disposes of all arguments based upon the inherent power of the supreme court over its decrees in such cases. I see no distinction between the exercise of power in disposing of the custody of a child, and the power to provide for its maintenance or the maintenance of the wife. It is the duty of the court to determine both by final decree, or by other orders made before the final decree. The judgment in this case was entered before the amended section 1771 went into effect, and hence the application to modify the decree in respect to the custody of the child cannot stand on that amendment.

If the application could be entertained on any grounds, the motion to modify the decree made in Erie county was improperly entertained over the objection of counsel representing the plaintiff in that action. Erie county is not in the judicial district in which the venue was laid or the decree was entered, nor does it adjoin Cortland county. I think section 769 must govern all applications of this nature.

The orders appealed from should be reversed, with $10 costs and disbursements. All concur.