ELLA MAY CRAWFORD, Plaintiff, *v.* JOHN W. CRAWFORD, Defendant.

Supreme Court, Westchester County, April 27, 1926.

**Husband and wife — alimony — final decree of divorce entered in 1920 contained no provision for plaintiff's support — court has no power under Code Civ. Proc. § 1771 (now Civ. Prac. Act, § 1170), to amend decree by inserting provision for support.**

A final decree of divorce, entered February 6, 1920, which contains a general reservation of power to grant the plaintiff relief and refers to a separation agreement between the parties, but contains no direction providing for plaintiff's support, cannot be amended by inserting therein a direction that defendant pay alimony to plaintiff for her support, since the authority to insert such a provision is not only not given but also is withheld by section 1771 of the Code of Civil Procedure (now Civil Practice Act, § 1170), which, at the time of the entry of the decree, was the only statute under which such an amendment might be made.

A recital in the final decree referring to the separation agreement as a reason for not directing the defendant to pay alimony is not equivalent to including such a direction. The expression of the intent to reserve power over alimony should not be implied.

MOTION by plaintiff to amend final judgment of divorce, so as to provide for alimony for plaintiff's support, and for other relief.

*Ackerman & Levet*, for the plaintiff.

*Dawson, Makepeace & Murphy*, for the defendant.

LYNCH, J. This is a motion made by the plaintiff to amend the final judgment of divorce which she obtained in an action brought by her several years ago against the defendant. The final decree, the amendment of which is thus sought, was entered in Westchester county on February 6, 1920. It contained no direction providing for the plaintiff's support — at least, none in the ordinary sense in which the word " direction " is understood, and in which it is usually construed to have been used in our statutes. (Code Civ. Proc. § 1771; Civ. Prac. Act, § 1170.) This motion is made for the purpose of amending that decree, by inserting a direction that defendant pay alimony to the plaintiff for her support, and for the purpose of obtaining certain other relief specified in the motion.

I have concluded, for the reasons and upon the authorities hereinafter set forth, that this application must be denied for want of power, upon the ground that authority to insert such a provision for the plaintiff after final judgment of divorce is not only not given, but is withheld by section 1771 of the Code of Civil Procedure, which, at the time of the entry of this decree on February 6, 1920, was the only source of such amending power.

Although this conclusion might be left to the support of the literal terms of that statute, as those terms have been construed and applied by our appellate courts, there are certain facts in the case which differentiate it from any of those which have been cited as precedents. These differences afford a basis for argument of substantial merit to the effect that the case at bar is so far distinguishable from those upon which the defendant relies that a different result should be reached, and the power should be assumed to amend the decree as the plaintiff asks. I shall, therefore, refer to these distinguishable circumstances, and state my reasons for holding that, notwithstanding these grounds of distinction, the power to make the amendment sought should not be asserted by a court of first instance.

The final decree above mentioned was preceded by the entry of an interlocutory decree on October 16, 1919. Prior to the entry of that decree, but after the action had been begun, the plaintiff and defendant entered into an agreement which recited that the action was pending, and which provided that the defendant should pay the plaintiff $3,000, of which $2,500 was to be paid immediately upon the entry of the final judgment of divorce, if such a judgment should be entered. Five hundred dollars was to be paid in the form of a promissory note for that amount, payable on October 1, 1920, with interest at six per cent. These sums were paid. The agreement further provided that the defendant should pay the counsel fees for plaintiff's attorney, and should pay to plaintiff " permanent alimony," so long as she should remain unmarried, at the rate of seventy-five dollars per month. The agreement further provided: " It is hereby understood and agreed that the above payments, if and when made, shall constitute a full and complete release of all claims and demands of every kind and nature whatsoever, including all rights of dower which the plaintiff herein now has or may have against the defendant."

On October 16, 1919, twenty days after the execution of the agreement above referred to, an interlocutory decree of divorce was entered. That decree contained the following recital: " * * * That plaintiff and defendant on September 26, 1919, entered into an agreement in writing dated on that day, which, among other

things, provides for the payment of alimony by the defendant to this plaintiff for the support and maintenance of this plaintiff, which is still in full force and effect and binding upon the parties, by reason of which this court makes no provision for alimony, or for the support and maintenance of said plaintiff.   *   *   * "

On February 6, 1920, a final decree of divorce was entered, adjudging that the interlocutory judgment " be and the same hereby is in all respects ratified and confirmed," and further providing " that plaintiff may at any time apply at the foot of this judgment for further relief in the premises."   The defendant made the monthly payments of seventy-five dollars each as in the agreement provided, up to and including the month of October, 1921, but has since then paid nothing toward plaintiff's support.   The plaintiff has not remarried.

So far as the pending motion attempts to obtain support, or an order for support, covering the time which is past, it obviously must be denied.   An order or judgment for alimony is, so far as past-due accruals are concerned, not subject to amendment by the court (*Sistare* v. *Sistare*, 218 U. S. 1); and equally an order directing the payment of alimony for a period which is already past would be in excess of any power which the court possesses. The important question is whether the court can direct payments. of alimony to be made in the future — whether, under the power reserved to the plaintiff to apply for further relief, she is entitled to ask that the judgment be amended, so as to contain for the future a direction requiring the payment of alimony.

The statute (Code Civ. Proc. § 1771; Civ. Prac. Act, § 1170) defining the power of the court in such cases, at the time when the decree in this case was entered, and in the years thereafter, provided that the final judgment must contain " such   *   *   *,   directions as justice requires " for support.   The statute provided that at any time after final judgment the court might modify such direction, and, in case no direction for support had been included, might insert a direction for the support of children.   This statute, being silent as to the insertion of a subsequent direction for the wife's support, where she received no direction in the original decree, was construed as excluding any power to amend the judgment of divorce subsequently by inserting such provision.   (*Salomon* v. *Salomon*, 101 App. Div. 588; *Koehl* v. *Koehl*, 92 Misc. 579.)   This construction is in accord with the principle laid down in earlier decisions; *e. g.*, *Walker* v. *Walker* (155 N. Y. 77).   A statute amending the Civil Practice Act in this respect was passed in 1925, but it is clear that that statute is not retroactive.   (*Walker* v. *Walker*, *supra;* *Matthews* v. *Matthews*, 128 Misc. 425.)

On the other hand, the courts have not insisted with absolute literalness that the final judgment of divorce actually contain a direction for the support of the plaintiff, as a prerequisite to subsequent modification so as to affect such provision. Thus it has been held that, where the final judgment of divorce did not contain a direction for the plaintiff's support, but did contain a direction that the question of alimony be reserved for the future consideration of the court, such reservation, even in the case of a decree for absolute divorce, was effective, and enabled the court subsequently to make such provision a part of its judgment from the time when such amending order was entered. (*Hauscheld* v. *Hauscheld*, 33 App. Div. 296; *sub nom. People ex rel. Hauscheld* v. *Dunn*, 38 id. 640; affd., 159 N. Y. 570.)

In the case at bar, the final decree contains no such specific reservation. It contains the general reservation of power to grant the plaintiff relief, and it also contains the reference to the separation agreement. That reference is actually contained in the recitals of the interlocutory judgment, but the interlocutory judgment is confirmed in all respects by the final judgment.

Plaintiff argues that the reference to the agreement and the general reservation of power to grant the plaintiff relief disclosed the intention here, as in the *Hauscheld* case, to reserve for the later action of the court a discretion to modify the decree by inserting a direction to pay alimony for plaintiff's support. The question whether the court has the power on these facts to entertain this application is important, because, if the power exists, I am of the opinion that on the merits the plaintiff is entitled to its favorable exercise. In view of the defendant's long-continued default in his payments upon the contract, the performance of which was intended to constitute provision for the plaintiff's support, I should, if I considered that I had the power, hold that she is entitled for the future to a direction that the defendant pay her seventy-five dollars a month for her support.

The question of power, I think, does not turn upon the effect of the contract itself, but solely upon the interpretation and effect of the statute. The defendant's counsel argues that the agreement of itself would preclude the plaintiff from successfully applying for judicial provision for her support, even if the language of the statute were not an obstacle. In my opinion, the agreement of itself would have no such effect. It has been substantially violated by the defendant, and the plaintiff, without rescinding it, would have the right to treat it as broken, and refuse to go on under it, and to sue for damages for the breach. In her exercise of such right there would be nothing inconsistent with an order of this

court amending the judgment by inserting a direction for the future that the defendant should pay alimony to the plaintiff.

Solely, then, on the ground of the construction of the statute, and notwithstanding the plausibility of the argument that it does not preclude entertaining this application, I have reached the conclusion that the weight of reasoning and of authority sustains the adverse view, and requires the court to deny the application for want of power. Certainly a strict, or even an exact, reading of the statute, and an application of its precise import to the facts here disclosed, must lead to that result. The recital in the decree referring to the contract as a reason for not directing the defendant to pay alimony is, to my mind, by no means equivalent to including such a direction. The *Hauscheld* case went apparently as far as the statute permits in preserving the power of the court, subsequently to final judgment, to grant an application for support made by the wife in a case where no such provision was included in the judgment as entered. In that case the intention of the court to preserve such power was express and unmistakable. In the case at bar it is not.

Reciting a contract for the plaintiff's support may indicate a purpose to leave the plaintiff to that contract (especially when she has already received a considerable lump sum), as well as to reserve a power in the court to deal with the subject years afterwards. The general reservation of power to grant the plaintiff relief I do not construe as indicative of a purpose to retain control over the subject of alimony, which otherwise the statute would take away. The expression of the intent to reserve power over alimony should not be implied; it should be, as it was in the *Hauscheld* case, expressly declared. To read such a purpose into the decree in this case would be to adjudicate anew a matter which was determined, once for all, by the decree entered more than seven years ago.

The application accordingly will be denied for want of power.