ANNA M. MATTHEWS, Plaintiff, *v.* WILLIAM THORNE MATTHEWS, Defendant.

Supreme Court, New York County, December 22, 1926.

**Husband and wife — separation — final judgment contained provision reserving for further consideration question of alimony and counsel fees — right to make said reservation within power of court in order to protect plaintiff's right to claim support — Civil Practice Act, § 1170 (as amd. by Laws of 1924, chap. 240), permits motion for support though reservation was not contained in judgment — recitals in order as to method of applying for future relief premature.**

In a final judgment of separation, a provision which reserves for future consideration the question of alimony and counsel fees is proper, and the plaintiff in whose favor it is made may apply for an award for her support and for her expenses, since it is within the power of the court to protect plaintiff's right to claim said support.

Moreover, section 1170 of the Civil Practice Act (as amd. by Laws of 1925, chap. 240) permits a motion for the support of a plaintiff to be made subsequent to the entry of such judgment, notwithstanding the fact that the judgment failed to contain a reservation for alimony and allowances; but this section is not applicable to this case, since the decree herein preceded said amendment, which is not retroactive.

But recitals in plaintiff's proposed order which elaborate upon the method of applying for an award for her support and expenses in the future, and the manner of the service of notice of application are premature, since the particular method of obtaining relief in the future must necessarily depend upon the exigencies controlling at the time of the application.

SETTLEMENT of orders modifying final judgment of separation so as to provide for alimony and counsel fees.

*Barnett E. Kopelman,* for the plaintiff.

*Page & Page [William H. Page* and *Richard M. Page* of counsel], attorneys, for the defendant.

LEVY, J. Upon the settlement of the orders proposed respectively, modifying the judgment heretofore entered, defendant urges certain objections to the one offered by plaintiff. Principally, he complains of the provision reserving for further consideration the question of allowances for plaintiff's support and expenses in bringing the action, and granting her leave to apply for such an

award in the future. Defendant argues that since a final judgment of separation was entered on the 23d day of March, 1925, the court lost jurisdiction to reserve the question of alimony and allowances, and certainly cannot go beyond the right to grant defendant's motion to strike out from such judgment the provision for payments on the ground that they were unauthorized. While the question of the power of the court in respect to a judgment which goes to the marital status to reserve the matter of alimony has been treated at some considerable length in the opinion upon the motion proper defendant nevertheless emphatically asserts that in a judgment of separation such a reservation is entirely improper. In support of his position he cites *Cullen* v. *Cullen* (55 N. Y. Super. Ct. [23 J. & S.] 346). There the final judgment of separation made no provision for alimony, but gave leave to plaintiff to apply for an allowance for her support, in the event her husband's circumstances changed so as to permit his paying such sums. The court held that since the judgment was a final one, it was without jurisdiction to grant alimony thereafter. While defendant has correctly cited the decision in that case, he has unfortunately overlooked its subsequent history, which completely reverses the rule there enunciated. After the adverse determination of the court there in refusing to modify the judgment, the commissioner of public charities and correction of that day began proceedings against the husband as a disorderly person for abandoning his wife without providing adequate support. The Appellate Division affirmed the conviction of the husband in the Court of Special Sessions. (*People ex rel. Comrs., etc.*, v. *Cullen*, 17 App. Div. 635.) The Court of Appeals (153 N. Y. 629) reversed the conviction and discharged the defendant, on the ground that there could be no abandonment within the meaning of the statute, when the husband lived apart from his wife in obedience to a judgment of separation from bed and board, obtained at the very instance of the wife. But in thus ruling the Court of Appeals in effect reversed the holding in *Cullen* v. *Cullen* (*supra*) in the following language: " The fact that the court in the decree of separation made no allowance for the wife does not change the situation. The court did exercise its power and discretion on the subject, and held that the pecuniary circumstances of the defendant would not warrant an allowance then, but left it open to the complainant to apply for alimony whenever the pecuniary circumstances of the defendant changed. *This remedy has always been open to the wife and is open to her still.* If the defendant has any pecuniary ability to contribute to his wife's support *the divorce court has the power to modify the decree.* If he has not, then there is really no ground for this proceeding." (Italics mine.)

That the effect of this utterance is to confirm the power of the court to grant alimony after the final judgment of divorce or separation, in any event when the question is reserved in the judgment, is sustained by the case of *Hauscheld* v. *Hauscheld* (33 App. Div. 296). While this authority was cited in the opinion upon the determination of the motion here, it is interesting to refer to certain significant views there expressed. At page 300 the court said: " But so long as *there is a reservation of matters for the further consideration of the court, the judgment is not final until those matters are finally disposed of.*" (Italics mine.) The opinion in that case was specifically adopted by the Court of Appeals in *People ex rel. Hauscheld* v. *Dunn* (159 N. Y. 570).

It thus follows that by reserving the question of alimony and allowances for further application and consideration, the judgment may not be said to be *final* until these matters are completely determined. In fact, since the amendment to section 1170 of the Civil Practice Act by chapter 240 of the Laws of 1925, effective September 1, 1925, a reservation in the judgment of separation appears to be unnecessary to entertain a motion for the support of plaintiff made subsequent to the entry of such judgment. But as the decree in this case, in point of time, preceded the legislative amendment, and statutes of such character have been held not to be retroactive (*Walker* v. *Walker*, 155 N. Y. 77), the reservation is undoubtedly necessary here to protect plaintiff's right to claim support. The contention of defendant that such reservation is unauthorized because no cross-motion was affirmatively made by plaintiff for such relief is likewise untenable. The granting of defendant's motion to strike out the alimony provision was obviously not due to any determination of the court that plaintiff was not really entitled to any support. When these items were stricken out for the reasons given in the opinion, the necessary consequence was to leave open questions which the court had full power to reserve for future application upon proper motion.

The proposed order, submitted by plaintiff, gives her leave to apply for an award for her support and for her expenses. So far it is doubtless proper. But in so far as it elaborates upon the method of applying for such relief and the manner of the service of the notice of application, it is premature. The application for further amending the judgment will have to be made in such manner as the future situation of the defendant may dictate. If personal service can be obtained, well and good. But if constructive service be necessary, and such service here will be unavailing if no property of defendant has been sequestered, it will have to be upon formal application to the court, which will undoubtedly determine the

form it shall take.   In no event would mere service by mail as presently proposed by the plaintiff be sufficient.   Section 969 of the Civil Practice Act, which gives wide discretion to the court as to the form of notice to a defendant, seems to apply only to the satisfaction of a *judgment* from attached property.   Where, however, a plaintiff virtually *seeks* a judgment for alimony, under circumstances such as here disclosed, the notice of application would, as it appears, have to be served in the manner provided for the service of a summons.   If defendant had not been personally served in the action proper, the notice of application for amendment of the judgment would seem to require precisely the same method as provided for the constructive service of original process.   This, apparently, follows as a corollary from the decision of the Court of Appeals in this very cause (*Matthews* v. *Matthews,* 240 N. Y. 28), where the court more particularly (at p. 34), referring to the disposition of the sequestered property by order or judgment, said that " the order also to be legal and effective must be on notice to the defendant either given personally or in some form recognized by our practice."   Such form cannot be other than that provided for in article 25 of the Civil Practice Act.   The particular mode to be adopted would depend upon the exigencies controlling at the time of the application.

Plaintiff will, therefore, submit upon notice to defendant an order in conformity with this opinion, and in compliance with the following additional directions: The reference in the preliminary recital to " the judgment roll in this action " will be omitted; the order will specifically enumerate the paragraphs in the original judgment to be eliminated and those to be added.   In view of the several changes directed, plaintiff will also submit a proposed amended judgment.