KRAUSS v. KRAUSS.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. DIVORCE—ALIMONY—MODIFICATION OF ORDER—AMENDMENT OF STATUTE—EFFECT.

Prior to amendment in 1904, Code Civ. Proc. §§ 1759, 1771, authorized the court in a divorce action to annul, vary, or modify orders respecting the payment of alimony. Laws 1904, p. 885, c. 339, amended section 1771, so as to provide that, where a wife has been granted a divorce, the court must annul provisions for alimony on a showing that she has remarried. *Held*, that the amendment applies only to judgments made after its enactment, since the Legislature could not constitutionally make it applicable to existing judgments, though rendered since the change in the law whereby authority is reserved to the court to modify provisions for alimony.

2. SAME—WIFE'S REMARRIAGE—EFFECT ON ALIMONY.

Under the provisions of Code Civ. Proc. §§ 1759, 1771, before the amendment of section 1771 by Laws 1904, p. 885, c. 339, that the court in a divorce action might annul, vary, or modify orders respecting the payment of alimony, a court might properly amend a judgment of divorce by annulling the provision for alimony, on proof of the wife's remarriage.

3. SAME—NUNC PRO TUNC ORDER.

A wife, who is awarded a divorce and alimony, payable monthly in advance, acquires a vested right to each installment as it becomes due, and cannot be deprived of it by any subsequent action of the courts or Legislature; and hence an order annulling the alimony provision nunc pro tunc as of the date of remarriage of the wife is erroneous.

Appeal from Special Term.

Action for divorce by Julia Krauss against Otto Krauss. From an order modifying the decree, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William Douglas Moore, for appellant.

John B. Doyle (John Vernou Bouvier, Jr., and Dudley Davis, on the brief), for respondent.

LAUGHLIN, J. The original final decree of divorce was entered on the 19th day of August, 1903. It contained no provision with respect to subsequent alimony. It was amended by consent on the following day by an order of the court, inserting a provision requiring the defendant to pay to the plaintiff alimony at the rate of $600 per annum in monthly installments in advance on the 1st day of each month. On the 21st day of July, 1906, the plaintiff married one Walter K. Wilkins. The defendant concedes that the sum of $1,184 back alimony had then accrued, which he had not paid. On learning that the plaintiff had remarried, the defendant made the motion to cancel the provision of the decree with respect to the payment of alimony from the date of her remarriage.

At the time the decree requiring the defendant to pay alimony was entered, sections 1759 and 1771 of the Code of Civil Procedure provided that the court might by order at any time after final judgment, whether theretofore or thereafter rendered, "annul, vary or modify" the direction with respect to the payment of alimony, on the application of either party, after notice to the other, to be given as therein prescribed, and further provided that, in case the application were made by the defendant, leave to make it should be first obtained. No application prior to this was made to the court, pursuant to this authority, to modify the decree with respect to alimony, upon the ground of any change in the defendant's circumstances or otherwise. Section 1771 was further amended by chapter 339, p. 885, of the Laws of 1904, which took effect on the 1st day of September of that year, by adding thereto the following:

"Where an action is brought by a wife, as prescribed in article second of this chapter, and a final judgment of divorce has been rendered in her favor, the court, upon the application of the defendant on notice, and on proof of the marriage of the plaintiff after such final judgment, must by order modify such final judgment and any orders made with respect thereto, by annulling the provisions of such final judgment or orders, or of both, directing payments of money for the support of the plaintiff."

We are of opinion that the Legislature could not constitutionally enact the statute and declare it applicable to existing decrees, even though they were rendered since the change in the law by which authority is reserved to the court to modify the provisions thereof with respect to alimony, and that the amendment should be construed as applicable only to decrees made after it became a law. It was, however, competent for the court to amend the decree under the authority reserved by statute at the time the decree was entered. The remarriage of the wife justified the court in cutting off the allowance of alimony.

The remaining question is whether it was competent for the court to enter the order annulling the provision with respect to alimony, nunc pro tunc, as of the date of the remarriage of the plaintiff. It will be observed that under the decree alimony at the rate of $50 per month accrued to the plaintiff. As the 1st day of each month came, the plaintiff was entitled to that award of alimony. It became presently due and payable. We are of opinion that she had a vested right thereto, of which she could not be deprived by any subsequent action of the courts or of the Legislature. See Livingston v. Livingston, 173 N. Y. 377, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600; Goodsell v. Goodsell, 82 App. Div. 65, 81 N. Y. Supp. 806; Walker v. Walker, 155 N. Y. 77, 49 N. E. 663; Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390.

It follows that the order should be modified, by striking out all provisions with respect to its taking effect nunc pro tunc as of the date of the remarriage of the plaintiff, and, as thus modified, affirmed, with $10 costs and disbursements. All concur.