KRAUSS v. KRAUSS.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. DIVORCE—CONTEMPT—REFUSAL TO PAY ALIMONY.

One from whom his wife has procured a divorce, and against whom alimony has been awarded, is in contempt, where the decree has been duly served upon him, and he has not paid the amount due, though personal demand has been duly made on him therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 756.]

2. SAME—ORDER FOR PUNISHMENT—NECESSARY RECITALS.

An order to punish a divorce defendant for contempt for refusing to pay alimony should recite that he owed a specified amount as accrued alimony, for which he was in default and in contempt, and that his failure and refusal to pay the alimony according to the decree defeated and prejudiced plaintiff's rights.

Appeal from Special Term.

Action by Julia Krauss against Otto Krauss. From an order adjudging defendant guilty of contempt in failing to pay alimony, plaintiff appeals. Modified.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Wm. Douglas Moore, for appellant.

John B. Doyle (John Vernon Bouvier, Jr., and Dudley Davis, on the brief), for respondent.

LAUGHLIN, J. This is the case in which the court modified the decree with respect to alimony on account of the remarriage of the plaintiff. The appeal from that order was argued and will be decided herewith. See 111 N. Y. Supp. 788.

The order in this case was based upon the decree as modified by the other order. The application to punish the defendant for contempt was made on account of his failure to pay the alimony, aggregating the sum of $1,650, which accrued under the decree on and prior to the 1st day of April, 1907, and was unpaid. The court, having modified the decree by limiting defendant's liability for alimony to the date of the plaintiff's remarriage, only adjudged the defendant guilty of contempt for failing to pay $1,184. In this respect the order is erroneous, because the modification of the decree was erroneous, for the reasons assigned in the opinion tendered on the other appeal. The moving papers show that $1,600 back alimony accrued prior to the 1st day of April, 1907, which has not been paid, and $50 on the 1st day of that month, that the decree was duly served on the defendant, and that a personal demand was duly made on him for payment of this amount. The court, therefore, should have found that the defendant owed the plaintiff the sum of $1,650, accrued alimony, for which he was in default and in contempt. The court should also have adjudged in the order that the defendant's failure and refusal to pay the alimony in accordance with the decree tended to and did defeat, impair, impede, and prejudice the rights of the plaintiff. An adjudication of one or more of these things is essential to a valid order to punish a party for a civil contempt of this nature, and it must be recited in the order.

It follows that the order should be modified, by inserting a provision adjudging that the defendant was in contempt for his failure and refusal to pay the plaintiff the sum of $1,650 alimony, which had accrued under the decree herein and remained unpaid, and that his failure and refusal to pay such alimony tended to and did defeat, impair, impede, and prejudice the rights and remedies of the plaintiff herein, and by providing that a commitment in the usual form shall issue unless the defendant shall, within one month after the entry and service of this order, pay $10 costs and the disbursements of the plaintiff on this appeal, to be taxed, and $450 of the alimony within the same time, and $100 of the remainder of the alimony per month thereafter for 12 months until the whole amount thereof is paid; such payments to be made to the plaintiff's attorneys and the order to be settled on notice. All concur.