KATE JONES, Appellant, *v.* HATTIE M. FUNKE and Others, as Executors, etc., of DAVID ISRAEL, Deceased and Others, Respondents.

First Department, June 24, 1931.

*William J. Walker* of counsel [*Martin A. Schenck* with him on the brief; *Davies, Auerbach* and *Cornell*, attorneys], for the appellant.

*Jerome A. Strauss* of counsel [*Strauss & Abrahams*, attorneys], for the respondents.

TOWNLEY, J. Plaintiff sues for four installments of dower due respectively, December 1, 1930, and on the 1st of January, February and March, 1931, with interest from the respective dates.

Plaintiff is the widow of David Israel, who died March 27, 1927, and is endowed as such widow of the one-third part of the lands of which her late husband was seized of an estate of inheritance. The defendants are the executors and trustees of the will of the decedent. The decedent owned various pieces of real property all of which are now held by the defendants An action was begun July 27, 1927, for the admeasurement of dower. Judgment was recovered May 27, 1929. This judgment decreed that the sum of $28,447.50 be paid to plaintiff annually by the executors and trustees in equal monthly installments. The defendants paid certain installments but have paid nothing since December 1, 1930.

After this action was begun, by notice of motion dated April 7, 1931, the attorneys for the executors moved for an order amending and modifying the final judgment entered on the 27th day of May, 1929, by reducing the amount of the dower payments. In the affidavit in support of the motion, defendants applied for an order reducing the amount to be paid to $8,878.12 per annum from and after January 1, 1930.

The trustees rely on that part of section 477 of the Real Property Law (as added by Laws of 1920, chap. 930) which reads as follows: " If, at any time, it is made to appear to the court, that the rental value of the real property has materially increased or diminished, the Court may, by an order, to be made upon notice to all the persons interested, modify the final judgment, by increasing or diminishing the sum to be paid to the plaintiff."

At common law, dower having been ascertained and fixed by the final judgment, the court had no power to alter such final judgment to provide for the payment of a reduced amount. (*McIntyre* v. *Clark*, 43 Hun, 352.)

The statute now permits a modification of the judgment admeasuring dower on proof of an increase or diminution in income from the estate. There is nothing in the language of the statute indicating an intention to permit modification affecting accrued installments. The statute refers only to modification in " the sum to be paid " without reference to sums already due. This statute is in derogation of the common law, and must be strictly construed to the end that the common law system be changed only so far as the words of the statute require. (McKinney's Consolidated Laws of New York, vol. 1, Statutes & Statutory Construction, § 142.)

It has repeatedly been held that parties acquire a vested right

to alimony which has accrued under a judgment and this cannot be affected by any subsequent order. (*Krauss* v. *Krauss, No. 1,* 127 App. Div. 740; *Cary* v. *Cary,* 168 id. 939; affd., 217 N. Y. 670.) If this be true of judgments which do not create an estate in land, *a fortiori,* a similar rule must obtain in relation to payments due under a judgment creating a legal estate.

The construction urged by the executors would destroy any certainty in the admeasurement of dower and would lead to endless confusion and controversy.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.