GUSSIE LEVY, Plaintiff, *v.* SAMUEL LEVY, Defendant.

Supreme Court, Bronx County, January, 1934.

*Emanual Schwartz,* for the plaintiff.

*Alexander & Schwach,* for the defendant.

COTILLO, J. The plaintiff and defendant were married on September 28, 1919, and as a result of that marriage had two children, a boy and a girl. In March, 1925, a decree of separation was entered in this court, which decree contained a provision for the payment of ten dollars weekly. On September 23, 1931, the plaintiff in this action instituted an action against this defendant for an absolute divorce in the State of New Jersey. A divorce decree was obtained there which decree was based upon personal service of the defendant within the State of New Jersey, the court having thus acquired jurisdiction over the parties. The decree in New Jersey provided for the payment of twenty-two dollars a week alimony. Since that time there has been outstanding against this defendant one order of alimony based upon the decree in the separation suit in this State and one for alimony based upon the

decree for absolute divorce in the State of New Jersey. The situation of two decrees for alimony should not be permitted to exist, particularly in view of the fact that section 25 of the New Jersey Divorce Act provides for the fixation of alimony and for the enforcement of the decree in Chancery by proceedings identical with contempt proceedings in this State. When the plaintiff secured her absolute divorce against this defendant in the State of New Jersey, she should not be permitted to enjoy the fruits of the divorce which was evidently desired by her and at the same time to keep to herself the benefits of a decree of separation which she had previously secured in the State of New York. The plaintiff maintains that she has a vested right in the alimony that has already accrued of which she cannot be deprived by any subsequent action of the courts or Legislature. She supports her contention by citing *Harris* v. *Harris* (259 N. Y. 334); *Krauss* v. *Krauss* (127 App. Div. 740); *McPartland* v. *McPartland* (146 Misc. 672); *Brice* v. *Brice* (225 App. Div. 453); *Parkinson* v. *Parkinson* (222 id. 838), and *Burton* v. *Burton* (150 id. 790). *Krauss* v. *Krauss* (*supra*) was an application to modify a final decree of divorce under section 1771 of the Code of Civil Procedure, as amended by chapter 339 of the Laws of 1904. This section provided that "Where an action is brought by a wife, as prescribed in article second of this chapter, and a final judgment of divorce has been rendered in her favor, the court, upon the application of the defendant on notice, and on proof of the marriage of the plaintiff after such final judgment, must by order modify such judgment and any orders made with respect thereto, by annulling the provisions of such final judgment or orders, or of both directing payments of money for the support of the plaintiff." The lower court modified the decree *nunc pro tunc* as of the date of the remarriage. This portion of the order the Appellate Division reversed, holding that the plaintiff had a vested right in the alimony which had accrued up to the time the motion to modify had been made. *Harris* v. *Harris* (259 N. Y. 334) and the other cases cited by the plaintiff have no application to the motion now made by the defendant. In the present situation the plaintiff has attempted to secure the imposition on the defendant of a double penalty. If the court were compelled to permit this situation to exist, it would indeed make a mockery of the fine-sounding phrases written about the power of the courts of equity. In no case submitted by counsel or found by the court is there the same state of facts as in this motion. Of her own accord the plaintiff sought and obtained the relief she desired in another jurisdiction. She severed the bonds of matrimony in another State on grounds not permitted in this State. The decree

of separation in this jurisdiction only separated her from bed and board. To permit her to enjoy the fruits of being married to the defendant in this State and enjoy the delights of being divorced from him in another State, and enjoy maintenance under both judgments, would be most inequitable.

The argument might be advanced that as the defendant permitted this application to lie dormant since September, 1931, it should be denied if for no other reason than the defendant's laches. The answer to this contention would promptly arise, in that what one would not consider a hardship in 1931, has in view of the present economic situation that confronts the entire nation become unbearable today. This situation has but recently been recognized by the United States Supreme Court in the now famous decision in *Home Building & Loan Assn.* v. *Blaisdell* (290 U. S. 398; 54 S. C. R. 231), decided January 8, 1934. That decision quoted with approval the following lines of the opinion filed in the Supreme Court of Michigan in the same case by OLSEN, J.: " The present nation wide and world wide business and financial crisis has the same results as if it were caused by flood, earthquake or disturbance in nature. It has deprived millions of persons in this nation of their employment and means of earning a living for themselves and their families; it has destroyed the value of and the income from all property on which thousands of people depended for a living; it actually has resulted in the loss of their homes by a number of our people and threatens to result in the loss of their homes by many other people in this state; it has resulted in such widespread want and suffering among our people that private, state, and municipal agencies are unable to adequately relieve the want and suffering and Congress has found it necessary to step in and attempt to remedy the situation by Federal aid. Millions of the people's money were and are yet tied up in closed banks and in business enterprises."

Although it cannot be held that any emergency can create the power sought to be exercised, yet as set forth in *Wilson* v. *New* (243 U. S. 332), " although an emergency may not call into life a power which has never lived, nevertheless emergency may afford a reason for the exertion of a living power already enjoyed." The equity side of this court has always enjoyed the power over its own judgment and has always enjoyed the right of correcting a wrong or to do equity when the facts before it warrant such action.

The defendant's motion to be relieved from the provisions of alimony granted in the separation decree of this State from September 23, 1931, the date of the decree of the Chancery Court of New Jersey, is granted. Settle order.