ELIZABETH KARLIN, Respondent, *v.* ABBOTT A. KARLIN, Appellant.

Argued January 4, 1939; decided February 28, 1939.

*Max J. Le Boyer* for appellant. The Special Term had authority to amend the judgment *nunc pro tunc* to conform with the contract provisions. (*Walker* v. *Walker*, 155 N. Y. 80; Civ. Prac. Act, § 1170, in effect in 1924; *Fox* v. *Fox*, 263 N. Y. 68; *Kirkbride* v. *Van Note*, 275 N. Y. 244; *Harris* v. *Harris*, 259 N. Y. 334; *Waddey* v. *Waddey*, 168 Misc. Rep. 904; *Windle* v. *Heard*, 254 App. Div. 875; *Ostrin* v. *Posner*, 127 Misc. Rep. 313; *Van Ness* v. *Ransom*, 164 App. Div. 483; *Parsons* v. *Macfarlane*, 220 N. Y. 605; *Schnitzer* v. *Buerger*, 237 App. Div. 622.) The provisions

of the written contract between the parties, despite the provisions of the original divorce decree, must be respected until the agreement is set aside. (*Galusha* v. *Galusha*, 116 N. Y. 635; *Gray* v. *Gray*, 149 Misc. Rep. 273; *Pye* v. *Pye*, 167 App. Div. 951; *Cain* v. *Cain*, 188 App. Div. 780; *Kunker* v. *Kunker*, 230 App. Div. 641; *Aldrich* v. *Aldrich*, 220 App. Div. 555.)

*Alex B. Greenberg* for respondent. The Special Term had no power to amend the decree of divorce *nunc pro tunc*, or otherwise, in the absence of reservation of power therein to do so. (*Fox* v. *Fox*, 263 N. Y. 68; *People ex rel. Moss* v. *Board of Supervisors*, 221 N. Y. 367; *Walker* v. *Walker*, 155 N. Y. 77; *Livingston* v. *Livingston*, 173 N. Y. 377; *Krauss* v. *Krauss*, 127 App. Div. 740; *Goodsell* v. *Goodsell*, 82 App. Div. 65; *Livingston* v. *Livingston*, 46 App. Div. 18; 74 App. Div. 261; *Bamboschek* v. *Bamboschek*, 150 Misc. Rep. 885; *Crawford* v. *Crawford*, 129 Misc. Rep. 683; *Matthews* v. *Matthews*, 128 Misc. Rep. 425.) Since the agreement was not approved by the court and embodied in the decree of divorce it did not supersede the decree. (*Hamlin* v. *Hamlin*, 129 Misc. Rep. 263; 223 App. Div. 810; *Gewirtz* v. *Gewirtz*, 189 App. Div. 483; *Hamlin* v. *Hamlin*, 224 App. Div. 168; *Galusha* v. *Galusha*, 116 N. Y. 635; *Lehmann* v. *Lehmann*, 137 Misc. Rep. 8.)

LOUGHRAN, J. The plaintiff wife sued her husband for a divorce. An interlocutory judgment entered in her favor November 3, 1924, directed him to pay to her $15 per week for the support of herself and their child. In January, 1925, the parties entered into a written agreement whereby the wife accepted $1,000 " in lieu of her alimony " and the husband undertook to pay to her $6 per week for the support of the child. Thereafter and on February 4, 1925, the interlocutory judgment of divorce became a final judgment in accordance with a provision made therein for that eventuality.

This judgment having remained meantime unmodified, the wife, in December, 1936, brought suit thereon against the husband in the State of New Jersey. In the interim

from February, 1925, he had paid to her only $6 per week in reliance upon their agreement of January, 1925. By the New Jersey action, she sought recovery of the difference between the aggregate of those payments and the total sum to which she was entitled on the face of the judgment — a difference fixed by her at $5,590.

Confronted by that litigation in New Jersey, the husband moved in this action for an order amending the support provisions of the judgment so as to conform them *nunc pro tunc* to the agreement made by the parties in January, 1925. This relief was granted by the Special Term as of February 4, 1925, the date when the judgment became final. On appeal by the wife to the Appellate Division, the order was modified by denying so much of the motion as sought relief *nunc pro tunc*. This is an appeal as of right by the husband from that modification of the final judgment of divorce. (See *Powers* v. *Powers*, 214 N. Y. 660.)

The order of modification is silent as to whether it was made on the law or on the facts. The cases cited by the Appellate Division in its memorandum opinion (*Livingston* v. *Livingston*, 173 N. Y. 377, and *Krauss* v. *Krauss*, 127 App. Div. 740) suggest that the order of the Special Term was modified on the law alone and counsel for the wife takes that position. He contends that the Special Term was wholly without power to amend (for the future or for the past) the support provisions of the judgment, since that power was not thereby reserved.

To this contention of complete absence of jurisdiction, the plain answer is that, when the judgment of divorce was entered in 1924, section 1170 of the Civil Practice Act provided as follows: " Where an action for divorce  *   *   * is brought by either husband or wife, the court  *   *   * must give, either in the final judgment  *   *   * or  *   *   * before final judgment, such directions as justice requires, between the parties, for the custody, care, education, and maintenance of any of the children of the marriage, and where the action is brought by the wife, for the support of the plaintiff. The court, by order, upon the application of either party to the action,  *   *   *  after due notice to

the other, * * * at any time after final judgment, may annul, vary or modify such directions. * * * "

By force of this statutory continuation of jurisdiction, the Special Term here had power in its discretion to annul or modify the directions given by this final judgment for the support of the wife. " The effect of the statute is to write a reservation into every final judgment of divorce. The jurisdiction of the court over the parties and over the incidental subject-matter is prolonged; and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act." (*Fox* v. *Fox*, 263 N. Y. 68, 70.) It follows, we think, that the Special Term was warranted in its amendment of the judgment *nunc pro tunc* as of the date it became final, so as to square it with what was then the obligation of the husband under the agreement made by the parties in January, 1925. (See *Galusha* v. *Galusha*, 116 N. Y. 635.) *Livingston* v. *Livingston* (*ubi supra*) holds nothing to the contrary. The judgment in that case was entered before the enactment of the statute we have quoted. *Cary* v. *Cary* (168 App. Div. 939; 217 N. Y. 670), a case decided on the authority of *Krauss* v. *Krauss* (*ubi supra*), was overruled by *Kirkbride* v. *Van Note* (275 N. Y. 244).

The Special Term clearly did not abuse the discretion which we hold was thus committed to the court by the statute. In a word, the order of the Special Term was not unauthorized as matter of law.

If, on the other hand, the case is that the Appellate Division held on the facts that the Special Term erroneously exercised its discretion, then we have jurisdiction to review the new findings which the order of modification implies. (*Matter of Flagler*, 248 N. Y. 415.) In that case, we are disposed to think that the weight of the evidence was with the Special Term.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.