ETHEL V. WISEMAN, Plaintiff, *v.* RAYMOND D. WISEMAN, Defendant.

Supreme Court, Livingston County, July 31, 1939.

*Floyd E. Whiteman,* for the plaintiff.

*Raymond D. Wiseman,* defendant in person.

LAPHAM, J. This motion presents an almost insoluble problem to the court. The defendant does not deny his default in the sum of $420 as alleged in the moving papers but appears in person and submits affidavits of himself and his physician as to his physical condition which stand uncontradicted upon this motion and reveal a condition which must very seriously interfere with the perform-ance of his duties as a landscape gardener. In addition to this it appears that by reason of the depression in the nursery field he is employed but a portion of the year and that at present his income is curtailed to such an extent that he is able to contribute very little toward the satisfaction of the judgment herein. The defendant also submitted affidavits of prominent business men in the village of Dansville in support of his contention that he has been furnishing some clothing and wearing apparel for the children. There is, of course, no provision in the judgment for such action, but a court of equity will take into consideration the good faith of these acts in considering this motion for contempt.

The courts of this State have uniformly held that upon a motion to reduce an order or judgment for alimony no relief can be granted as to amounts which have become due prior to the time of the application. Those sums have become vested rights of property which the Supreme Court has no power to take from the party in whose favor they have been awarded. (*Harris* v. *Harris,* 259 N. Y. 334.) Therefore, although I am disposed to relieve the defendant from this burden which it is obvious he is in no position to carry, I am precluded from doing so.

While there is no formal counter motion on the part of this lay-man praying for a modification of the provisions of the judgment for alimony herein, this defendant, upon his oral argument, made an appeal to the court for relief, and counsel for the plaintiff courteously refrained from interposing any objection to the court's consideration of this, along with the other questions submitted. The court, having power to entertain this counter application, will not refuse so to do solely by reason of the fact that the defendant is in arrears under the judgment herein. (*Shacknow* v. *Shacknow,* 146 Misc. 8.)

Having reached the conclusion that the accrued amount must stand and that this defendant is not in physical or financial con-dition to liquidate this obligation or resume the seven dollars weekly payments provided by the judgment, I believe equity may accomplish the same and without imprisonment which the Judiciary

Law of this State provides in the case of a defendant imprisoned for contempt. Section 775 of this law provides: " Where an offender, imprisoned as prescribed in this article, is unable to endure the imprisonment, or to pay the sum, or perform the act or duty, required to be paid or performed, in order to entitle him to be released, the court, judge, or referee, or, where the commitment was made as prescribed in section twenty-four hundred and fifty-seven of the Code of Civil Procedure, the court, out of which the execution was issued, may, in its or his discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment." (*Staples* v. *Staples*, 206 App. Div. 196.) The imprisonment of the defendant would place him in a position where he could render the plaintiff no aid and would neither profit nor benefit her. I have, therefore, decided to deny the plaintiff the relief prayed for, purge the defendant of his contempt, and modify the provisions of the judgment awarding payment of seven dollars weekly, provided the defendant pays to the plaintiff weekly, beginning one week after the date of service upon him of a copy of the order herein, three dollars and fifty cents, one dollar of which is to be applied on the amount now in arrears and two dollars and fifty cents of which is to be the weekly payment toward support and maintenance of the plaintiff and two children. To the end that this lay defendant may no longer misunderstand the nature of the order to be entered herein, I direct that these payments shall be made either by cash or money order rather than in food, wearing apparel, coal or other means of support and maintenance. In the event of the defendant defaulting in these payments for a period of two weeks, the relief prayed for upon this application is granted. Further relief may be added upon the foot of the order to be entered herein if the condition and circumstances of the defendant improve.

Let order enter accordingly.