In the Matter of the Petition of FERDINAND CURTH to Compel LAURA A. WOLF and HENRY L. SCHAEFER to Render and Settle Their Accounts as Testamentary Trustees of CHARLES W. WOLF, Deceased. FERDINAND CURTH, Appellant; LAURA A. WOLF and HENRY L. SCHAEFER, Testamentary Trustees of CHARLES W. WOLF, Deceased, Respondents.— In a proceeding to compel testamentary trustees to account, the petitioner appeals from a decree dismissing his petition. Decree of the Surrogate's Court of Kings County unanimously affirmed, with costs to the respondents, payable out of the estate. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

KORDULIJA JNCZEWSKI, Appellant, v. JULIUS P. JNCZEWSKI, Respondent.— In an action for a separation upon the ground of cruel and inhuman treatment, order denying plaintiff's motion for alimony *pendente lite* and counsel fee affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

GUSTAV JOHNSON, Respondent, v. BROOKLYN BUS CORPORATION, Appellant.— Action to recover damages for personal injuries sustained by plaintiff when he was struck by defendant's bus while crossing Fourth avenue, Brooklyn. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

NANCY J. KAHLER, Respondent, v. CLIFFORD H. SEARL, as Executor, etc., of FREDERICK A. KAHLER, Deceased, Appellant.— Order denying motion of a substituted defendant to modify a final decree of divorce by striking therefrom a provision for the support and maintenance of plaintiff and the child of the marriage reversed on the law, without costs, and motion granted to the extent of providing that the final judgment of divorce be modified by striking therefrom the provision reading: " Ordered, Adjudged And Decreed that the defendant pay to the plaintiff the sum of $10.00 each and every week commencing November 7th, 1927, as and for her support and the support and maintenance of the issue of said marriage," *nunc pro tunc*, as of the 2nd day of February, 1929, and otherwise denied, without costs. In the light of plaintiff's remarriage and the attainment by the child of the marriage of twenty-one years on the 2nd day of February, 1929, the original defendant was entitled to be relieved of the obligation to make further payments, and his executor was also entitled to make application for and obtain such relief as substituted defendant. (*Kirkbride* v. *Van Note*, 275 N. Y. 244.) It cannot now be determined whether or not the alimony provision would have been reduced as of the time of the wife's remarriage in March of 1928 had application been seasonably made in the light of the fact that the obligation to support the daughter continued. The husband's financial circumstances may have warranted the continuation of the payment of ten dollars a week for that purpose. We are of opinion that the obligation of the original defendant to support the plaintiff did not revive or reattach upon the death of her second husband. Upon her valid remarriage, the obligation of the first husband to support her ceased for all time. In *Sleicher* v. *Sleicher* (251 N. Y. 366) the second marriage was annulled, and so never had a valid inception. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.