— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

FAE F. CUNNINGHAM, Appellant, v. HENRY P. CUNNINGHAM, Respondent. (Appeal No. 1.) — Plaintiff appeals from so much of an order as denies her motion for an order of sequestration. Order, in so far as appealed from, affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

FAE F. CUNNINGHAM, Appellant, v. HENRY P. CUNNINGHAM, Respondent. (Appeal No. 2.) — On October 8, 1921, a final judgment of divorce was entered in plaintiff's favor, awarding her the custody of the two infant children, and directing defendant to pay plaintiff $200 a month for her support and the maintenance and education of the children. The daughter became of age in 1931 and the son in 1936, and the latter has been self-supporting since 1934. Except for three months in 1935, defendant continued to pay $200 monthly until April, 1936, when he paid plaintiff $150 monthly and continued to make such payments up to and including October, 1939, and since that date and up to and including August, 1940, defendant has paid only $350. The arrears since the entry of the judgment on October 8, 1921, total $4,100. On October 8, 1940, plaintiff moved for the entry of judgment for the amount of the arrears. The Special Term held that as the daughter had attained her majority nine years ago and the son had attained his majority four years ago, and the latter has been self-supporting for the past six years, $100 a month would be a reasonable allowance for plaintiff since April, 1935; and as the defendant has paid more than $100 a month since that date, the Special Term denied the motion. Defendant's salary from the American Tobacco Company at the time the judgment was entered was $7,000 per annum and continued at that rate until November 30, 1939, when, following his retirement owing to his permanent illness, the company paid him in lieu of salary $416.66 per month. This payment is not a pension and at the option of the company may be discontinued at any time. In the absence of proof it cannot be said that $100 a month would be a reasonable allowance for the support of plaintiff. Order reversed on the law and the facts, without costs, and the matter remitted to the Special Term to take proof or to refer the matter to an official referee to take proof as to what monthly allowance should be made to plaintiff for her support from April, 1935, to November 30, 1939, when defendant's salary was reduced from $7,000 to $5,000 a year, and from November 30, 1939, to the return day of the motion, and if the total allowance thus determined is greater than the amount paid by defendant to plaintiff, that judgment be entered in plaintiff's favor for the excess. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

JOHN POWELL EVERHART, an Infant, by WADE H. EVERHART, His Guardian ad Litem, and WADE H. EVERHART, Respondents, v. SPANISH GARDENS-JACKSON HEIGHTS, INC., and THE QUEENSBORO CORPORATION, Appellants.— In an action by an infant to recover damages for personal injuries and by his father for loss of services, plaintiffs' motion to vacate an order for the examination before trial of the father was granted in part, and defendants appeal. Order, in so far as appealed from, modified to the extent of permitting defendants to examine the father as to item No. 3, and, as so modified, the order is affirmed, without costs, the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.