MINERVA LICHTIG, Plaintiff and Petitioner, *v.* REGINALD. T. LICHTIG, Defendant and Respondent.

No. 2. Submitted December 1, 1959.—Decided May 10, 1960.

*E. Martínez Rivera* and *Edelmiro Martínez, Jr.* for petitioner. *Benjamín Ortiz* and *Guillermo Cintrón Ayuso* for respondent.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On August 13, 1945 the Supreme Court of the State of New York for Westchester County entered judgment in an adverse proceeding decreeing the final separation from bed and board of plaintiff therein Minerva Lichtig and defendant

Reginald Lichtig, on the ground of desertion and cruel treatment on the part of the husband. In said judgment it ordered the defendant to pay a weekly allowance of $140 to the plaintiff for her support and that of a minor daughter. Two months after that judgment was entered Reginald Lichtig filed a suit for divorce against his wife in the former District Court of San Juan. The defendant was summoned by edicts and on October 11, 1946, said District Court entered a default judgment decreeing the divorce between the parties on the ground of desertion of the husband by the wife.

On June 28, 1947 the Supreme Court of New York entered judgment in an adverse proceeding decreeing the nullity of the divorce obtained by the plaintiff in the District Court of San Juan.

By order of the same Supreme Court of June 4, 1948 the allowance for support assigned to defendant Lichtig was reduced from $140 to $132 a week.

Thereafter the plaintiff urged the Supreme Court of New York to punish the defendant for contempt for his failure to comply with the alimony decree. In the same proceeding the defendant requested that the allowance of $132 be reduced to $50 a week and that he be relieved from payment of the allowances in arrears. On May 11, 1950 said court entered judgment reducing the allowance to $100 a week, ordering the defendant to pay the plaintiff a fine of $369.77 which was the amount he owed her up to April 20, 1950 and declaring him guilty of contempt, and staying the judgment of contempt as long as the defendant pay the allowances in arrears at the rate of $20 a week.

In 1956 the plaintiff again appealed to the Supreme Court of New York requesting that the defendant be punished for contempt. After the parties were heard said court entered judgment on November 17, 1956 with the following pronouncements:

(a) that the defendant had committed contempt for failure to comply with the judgment of May 11, 1950;

(b) it directed him to pay the sum of $1,807.20 which was the total of the allowances in arrears up to April 18, 1956, providing that the defendant could free himself from the contempt by paying the plaintiff the allowances in arrears at the rate of $10 per week in addition to the ordinary payments of the weekly allowance but that failure to do so would entail imprisonment until he pay in full the allowances in arrears or until he be released from jail elsehow pursuant to the law;

(c) it reduced the allowance for support to the sum of $70 as of the week ending on April 22, 1950;

(d) that the defendant must continue to pay an additional $10 per week after paying the sum of $1,807.20, until covering the arrears of $20 a week; and

(e) the defendant was ordered to pay $300 for attorney's fees.

On July 22, 1957 Minerva Lichtig sued Reginald Lichtig in the Superior Court of Puerto Rico, San Juan Part, for recovery of the judgment of November 17, 1956 entered by the Supreme Court of New York for Westchester County. After a trial on the merits was held the Superior Court entered judgment dismissing the complaint with costs.

In its findings the Superior Court decided that under the judgment entered by the New York court the defendant has failed to pay to the plaintiffs the sum of $2,877.20. However, it dismissed the complaint because: (1) it should not recognize the judgment of the Supreme Court of New York of June 28, 1947, decreeing the nullity of the divorce decree entered by the Puerto Rico court on October 11, 1946 and (2) it should not give full faith and credit to the alimony decree entered by the Supreme Court of New York since (a) said decree was based on the nullity of the divorce judgment entered by the Puerto Rico court and (b) the alimony decree entered by said New York court was not final since the New York courts have power to modify their alimony decrees.

We issued a writ of review in order to review the judgment of the Superior Court of Puerto Rico, San Juan Part.[1]

 We believe that it is unnecessary to consider here whether the divorce decree entered by the Puerto Rican court is valid or not and likewise whether the Supreme Court of New York was authorized to enter judgment as it did, decreeing the nullity of said divorce judgment.

The reason is obvious. Even considering, without deciding it, that the divorce decree entered by the former District Court of San Juan is valid and lay within the Full Faith and Credit Clause of the Federal Constitution, the Supreme Court of New York had jurisdiction to enter the alimony decree that the plaintiff seeks to recover in the action filed before the courts of Puerto Rico. The divorce decree of the Puerto Rican Court could not affect plaintiff's right to the alimony granted in the separation decree entered in 1945 by the Supreme Court of New York.

The Supreme Court of the United States has already decided that a divorce decree entered by the court of a State, without having acquired personal jurisdiction over the wife, does not terminate the husband's obligation to pay alimony to his wife under the terms of a separation decree of a New York court, whether said decree be prior or subsequent to the divorce decree entered by the court of the other State. *Estin* v. *Estin*, 334 U. S. 541, 92 L. Ed. 1561; *Vanderbilt* v. *Vanderbilt*, 354 U. S. 416, 1 L.Ed.2d 1456.

Hence since the defendant Minerva Lichtig was not personally summoned in the divorce action raised before the court of Puerto Rico, the judgment entered in said action, even assuming that it is valid and in force, did not deprive the Supreme Court of New York of its power to enter the alimony decree of November 17, 1956, which is the one sought to be recovered by the plaintiff by the action filed in the Superior Court of Puerto Rico.

---

[1] The defendant had also appealed from said judgment relying on a constitutional question. We have consolidated both appeals.

The defendant-respondent's contention to the effect that the judgment of November 17, 1956 was based in turn on the nullity of the divorce decree of the court of Puerto Rico lacks merit. There is nothing in the record to indicate that it is so. But even if it were, we have already said that the validity or nullity of the divorce decree of the court of Puerto Rico did not affect the jurisdiction of the New York court to continue entertaining the case of alimony granted to the plaintiff-petitioner in the original separation decree.

■■ The other point at issue in this proceeding is whether the Superior Court of Puerto Rico, contrary to what it did, was compelled to give full faith and credit to the alimony decree entered by the New York Supreme Court. In support of the decision of the lower court, the defendant-respondent contends the following: "Our second ground requesting the dismissal of the complaint refers to the fact that the New York decree does not merit compliance in Puerto Rico, that is, is not entitled to full faith and credit, since a judgment entered by another State (New York) is not entitled to recognition in Puerto Rico if that judgment is not final, that is, if the New York court has the power and authority to modify retroactively the alimony decree. It has been established that when a state (New York) has power to modify an alimony decree retroactively, that judgment is not final if the New York court has power to change the judgment as to alimony accrued and such alimony decree can not be executed in another place or in Puerto Rico, even as to previously owed alimony. (Citations.)"

The decisions of the New York courts had held for several years that their alimony decrees could not be varied or modified retroactively as to accrued and unpaid installments.[2] The

---

[2] *Harris* v. *Harris*, 259 N. Y. 334, 182 N. E. 7 (1932) (dictum); *Krauss* v. *Krauss*, 127 App. Div. 740, 111 N.Y.S. 788 (1908); *Van Horn* v. *Van Horn*, 196 App. Div. 472, 188 N.Y.S. 98 (1921); *Parkinson* v. *Parkinson*, 222 App. Div. 838, 226 N.Y.S. 454 (1928); *Brice* v. *Brice*, 225 App. Div. 453, 233 N.Y.S. 366 (1929); *Jones* v. *Funke*, 232 App. Div. 605, 251

United States Supreme Court had given equal interpretation to the New York statute,[3] and had decided that an alimony decree entered by the courts of said state was final as to past due alimony installments and that consequently the decree was within the protection of the Full Faith and Credit Clause. *Sistare* v. *Sistare*, 218 U. S. 1, 54 L. Ed. 905 (1910). However, the most recent decisions of the New York courts have given an interpretation different to the statute itself upon deciding that the New York courts are authorized to modify or vary an alimony decree retroactively even as to alimony arrears.[4] And in *Griffin* v. *Griffin*, 327 U. S. 220, 90 L. Ed. 635 (1941), the National Supreme Court states on page 226 that under the New York laws an alimony decree is subject to modification *nunc pro tunc* as to alimony accrued but unpaid up to the time of modification.

In any event for the reasons that we shall state hereinafter it is unnecessary to embark on the discussion of this problem. By virtue of the amendments to the New York statute we do not have to decide whether the alimony decrees

---

N.Y.S. 135 (1931); *Smith* v. *Smith*, 255 App. Div. 652, 9 N.Y.S.2d 188 (1939); *Crawford* v. *Crawford*, 129 Misc. 683, 221 N.Y.S. 551 (1927); *McPartland* v. *McPartland*, 146 Misc. 672, 261 N.Y.S. 844 (1932); *Wiseman* v. *Wiseman*, 172 Misc. 114, 14 N.Y.S.2d 521 (1939). (Citations from 6 A.L.R. 1293, par. 4.)

[3] The New York Act authorized the courts to annual, vary or modify a final decree of divorce or separation as to allowance granted to the wife or to the children. The Act, however, did not distinguish between future alimony and alimony accrued or in arrears and unpaid. The controversy then was whether the authority to annul, vary or modify the alimony decree extended to allowances in arrears when there was no order or judgment awarding the sums due. See § 1170 of the New York Civil Practice Act as amended in 1925.

[4] *Karlin* v. *Karlin*, 280 N. Y. 32, 19 N.E.2d 669 (1939); *Van Dusen* v. *Van Dusen*, 258 App. Div. 1020, 17 N.Y.S.2d 96 (1940); *Kahler* v. *Searl*, 259 App. Div. 729, 18 N.Y.S. 246, rev'd. 172 Misc. 79, 13 N.Y.S.2d 882 (1940); *Cunningham* v. *Cunningham*, 261 App. Div. 973, 25 N.Y.S.2d 933 (*semble*) (1941); *Frost* v. *Frost*, 189 Misc. 133, 71 N.Y.S.2d 438 (1947); *Griffin* v. *Griffin*, 327 U. S. 220, 90 L. Ed. 635, 66 Sup. Ct. 556, rehearing den. 328 U. S. 876, 90 L. Ed. 1645, 66 Sup. Ct. 975 (1946); *Lechner* v. *Lechner*, 154 Fla. 114, 16 So.2d 816 (1944). See also, *Kirkbride* v. *Van Note*, 275 N. Y. 244, 9 N.E.2d 852, 112 A.L.R. 243 (1937). (6 A.L.R.2d 1292–93.)

of the courts of said state lack finality because they are subject to modification and consequently are not within the constitutional protection of the Full Faith and Credit Clause.[5] Let us see. The judgment sought to be collected by the plaintiff-petitioner in Puerto Rico is not the original one entered on August 13, 1945 by the Supreme Court of New York, Westchester County (separation and alimony decree) but rather the judgment of November 17, 1956 of said court, which we have already quoted at the beginning of this opinion and which awarded the sums owed by the defendant-respondent to the plaintiff-petitioner up to April 18, 1956 for allowances in arrears.

In 1948 § 1170 of the New York Civil Practice Act was amended. The amendment definitively clarified that the authority of the New York courts to annul, vary or modify an alimony decree extended to unpaid sums or installments accrued as well as to sums or installments to become due thereafter but the authority was subject to the provisions of § 1171b. Pursuant to this last section, when a judgment for accrued and unpaid allowances is entered the courts lack authority to modify said judgment. See Gilbert-Bliss, Civil Practice of New York, 1959 Cumulative Supplement, pp. 69 and 81, § § 1170 and 1171-b.[6]

Hence, against a judgment for alimony arrears entered by the New York courts it can not be validly contended that said judgment lacks finality and therefore does not deserve full faith and credit in another state. Consequently we decide

---

[5] We are not deciding that the "Full Faith and Credit Clause" is applicable to Puerto Rico nor whether the Act of Congress which extended said clause to the territories is applicable. (28 U.S.C.A., § 1738.) Our local laws contain provisions to the effect that our courts must give full faith and credit to the judgments of the courts of the United States and of foreign countries. Sections 421, 422, 423, 424, 426, 429 and 430 of the Code of Civil Procedure (1933 ed.). *Cf. Pratt* v. *Reuter*, 79 P.R.R. 907; *Ponce* v. *F. Badrena e Hijos, Inc.*, 74 P.R.R. 210.

[6] After setting forth the authority of the New York courts to annul, vary or modify an alimony decree, § 1170 provides: "Subject to the provisions of section eleven hundred seventy-one-b the authority granted by

that the Superior Court, San Juan Part, committed error in failing to give full faith and credit to the judgment of November 17, 1956 of the New York court.

In view of the foregoing the judgment entered by the Superior Court dismissing the complaint is reversed and another is entered instead ordering the defendant-respondent to pay to plaintiff-petitioner the sum of $1,807.20 which represents the allowances accrued up to April 18, 1956, plus the $300 granted by the New York Supreme Court for attorney's fees, plus costs and another sum of $300 which is now imposed on the defendant for attorney's fees.

Mr. Chief Justice Negrón Fernández did not participate herein.

this section shall extend to unpaid sums or installments accrued prior to the application as well as to sums or installments to become due thereafter." Section 1171-b authorizes the New York courts to enter judgment for accrued and unpaid allowances and the execution of such judgment may be enforced as any other collection of money judgments, adding: "provided that when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, such judgment shall thereafter not be subject to modification under the discretionary power granted by this section; and after the entry of such judgment the judgment creditor shall not thereafter be entitled to collect by any form of remedy any greater portion of such arrears than that represented by the judgment so entered."