MINERVA LICHTIG, demandante y recurrente, *v.* REGINALD T. LICHTIG, demandado y recurrido.

Número 2.

*Sometido:* 1 de diciembre de 1959. *Resuelto:* 10 de mayo de 1960.

*E. Martínez Rivera* y *Edelmiro Martínez, Jr.* abogados de la recurrente; *Benjamín Ortiz* y *Guillermo Cintrón Ayuso,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 13 de agosto de 1945, la Corte Suprema del Estado de Nueva York para el Condado de Westchester, dictó sentencia en un procedimiento contencioso, decretando la separación definitiva de mesa y tálamo de la allí demandante Minerva Lichtig y el demandado Reginald Lichtig, por la causal de abandono y trato cruel del marido hacia la esposa. En dicha sentencia condenó al demandado a pasar una pensión alimenticia a la demandante para ésta y una hija menor, de $140 semanales. Unos dos meses después de dictada esa sentencia, Reginald Lichtig interpuso demanda de divorcio contra su esposa ante la anterior Corte de Distrito de San Juan. La demandada fue emplazada por edictos y en 11 de

octubre de 1946, dicha Corte de Distrito dictó sentencia en rebeldía decretando el divorcio entre las partes por la causal de abandono del marido por la mujer.

En 28 de junio de 1947, la Corte Suprema de Nueva York, en un procedimiento contencioso, dictó sentencia decretando la nulidad de la sentencia de divorcio obtenida por el demandante en la Corte de Distrito de San Juan.

Por orden de la misma Corte Suprema de 4 de junio de 1948 la pensión alimenticia asignada al demandado Lichtig, fue rebajada de $140 a $132 semanales.

Posteriormente la demandante solicitó de la Corte Suprema de Nueva York que se castigara al demandado por desacato por no haber cumplido con la sentencia de alimentos. En el mismo procedimiento el demandado solicitó que la pensión de $132 fuera rebajada a $50 semanales y que se le relevara del pago de las pensiones atrasadas. Con fecha 11 de mayo de 1950 dicha corte dictó sentencia rebajando la pensión a $100 semanales, condenando al demandado a pagar a la demandante en concepto de multa la suma de $369.77 que le debía hasta abril 20 de 1950, y declarándole incurso en desacato, suspendiéndole la sentencia de desacato mientras el demandado pagara las pensiones atrasadas a razón de $20 semanales.

En 1956 la demandante recurrió nuevamente ante la Corte Suprema de Nueva York solicitando se castigara al demandado por desacato. Oídas las partes, dicha corte dictó sentencia en 17 de noviembre de 1956, con los siguientes pronunciamientos:

(a) que el demandado había incurrido en desacato al no dar cumplimiento a la sentencia de 11 de mayo de 1950;

(b) le impuso como penalidad pecuniaria el pago de la suma de $1,807.20 a que ascendían las pensiones atrasadas hasta abril 18 de 1956, disponiendo que el demandado podía exonerarse a sí mismo del desacato pagando a la demandante las pensiones atrasadas a razón de $10 semanales en adición a los pagos corrientes de la pensión semanal, pero que de no hacerlo

así sería encarcelado hasta que pagara totalmente las pensiones atrasadas, o hasta que de otra manera fuera excarcelado de acuerdo con la ley;

(c) redujo la pensión alimenticia a la suma de $70 a partir de la semana terminada en abril 22 de 1950;

(d) que el demandado debía continuar pagando semanalmente $10 adicionales, una vez satisfecha la suma de $1,807.20, hasta cubrir los atrasos de.$20 semanales; y

(e) se condenó al demandado al pago de $300 para honorarios de abogado.

En julio 22 de 1957, Minerva Lichtig demandó a Reginald Lichtig en el Tribunal Superior de Puerto Rico, Sala de San Juan, en cobro de la sentencia de 17 de noviembre de 1956 dictada por el Tribunal Supremo de Nueva York para el Condado de Westchester. Celebrado un juicio en los méritos el Tribunal Superior dictó sentencia desestimando la demanda con las costas.

En sus conclusiones el Tribunal Superior resolvió que bajo la sentencia dictada por el Tribunal de Nueva York, el demandado ha dejado de pagar a los demandantes la suma de $2,877.20. Sin embargo desestimó la demanda porque (1) no debía reconocer la sentencia del Tribunal Supremo de Nueva York de 28 de junio de 1947, decretando la nulidad de la sentencia de divorcio dictada por la corte de Puerto Rico en 11 de octubre de 1947 y (2) no debía darle entera fe y crédito a la sentencia de alimentos dictada por la Corte Suprema de Nueva York, en vista de que (a) dicha sentencia se fundaba en la nulidad de la sentencia de divorcio dictada por la corte de Puerto Rico, y (b) la sentencia de alimentos dictada por dicha corte de Nueva York, no era final ya que las cortes de Nueva York tienen facultad para modificar sus sentencias de alimentos.

Para revisar la sentencia del Tribunal Superior de Puerto Rico, Sala de San Juan, expedimos un auto de revisión.([1])

---

[1] La demandada además había apelado de dicha sentencia a base de una cuestión constitucional. Hemos consolidado ambos recursos.

█ Creemos que es innecesario considerar aquí si la sentencia de divorcio dictada por la corte de Puerto Rico es o no válida y asimismo si la Corte Suprema de Nueva York tenía facultad para dictar sentencia, como lo hizo, decretando la nulidad de dicha sentencia de divorcio.

La razón es obvia. Aun considerando, aunque sin resolverlo, que la sentencia de divorcio dictada por la anterior Corte de Distrito de San Juan es válida y estaba protegida por la cláusula constitucional de la entera fe y crédito, el Tribunal Supremo de Nueva York tenía jurisdicción para dictar la sentencia de alimentos que la demandante intenta cobrar en la acción interpuesta ante los tribunales de Puerto Rico. La sentencia de divorcio del tribunal puertorriqueño no podía afectar el derecho de la demandante a los alimentos concedidos en el decreto de separación registrado en 1945 por la Corte Suprema de Nueva York.

Ya el Tribunal Supremo de los Estados Unidos ha resuelto que una sentencia de divorcio dictada por la corte de un Estado, sin haber adquirido jurisdicción personal sobre la esposa, no pone fin a la obligación del esposo de pasar alimentos a su esposa bajo los términos de un decreto de separación de un tribunal de Nueva York, ya sea dicho decreto anterior o posterior a la sentencia de divorcio dictada por la corte del otro Estado. *Estin* v. *Estin*, 334 U.S. 541, 92 L. ed. 1561; *Vanderbilt* v. *Vanderbilt*, 354 U.S. 416, 1 L. ed. 2d 1456.

De suerte pues, que como la demandada Minerva Lichtig no fue emplazada personalmente en la acción de divorcio tramitada ante la Corte de Puerto Rico, la sentencia dictada en dicha acción, aun asumiendo que sea válida y esté en vigor, no tuvo el efecto de privar de su facultad a la Corte Suprema de Nueva York para dictar la sentencia de alimentos de 17 de noviembre de 1956, que es la que la demandante intenta cobrar mediante la acción interpuesta ante el Tribunal Superior de Puerto Rico.

La contención del demandado recurrido al efecto de que la sentencia de 17 de noviembre de 1956 se fundó a su vez en la nulidad de la sentencia de divorcio del tribunal de Puerto Rico carece de méritos. Nada hay en los autos que indique que ello sea así. Pero aunque así fuera, ya hemos dicho que la validez o nulidad de la sentencia de divorcio de la corte de Puerto Rico no afectaba la jurisdicción de la corte de Nueva York para continuar entendiendo en el incidente de los alimentos concedidos a la demandante recurrente en el decreto original de separación.

■■ El otro punto a resolver en este recurso es el de si el Tribunal Superior de Puerto Rico, contrario a lo que hizo, venía obligado a dar pleno reconocimiento y validez (*full faith and credit*) a la sentencia de alimentos dictada por la Corte Suprema de Nueva York. En apoyo de la decisión del tribunal a quo, el demandado recurrido arguye en la siguiente forma: "Un segundo fundamento nuestro a los fines de que la demanda debe ser declarada sin lugar se refiere al hecho de que la sentencia de Nueva York no tiene derecho a ser cumplida en Puerto Rico, esto es, no tiene derecho al '*full faith and credit*' ya que una sentencia dictada por otro estado (Nueva York) no tiene derecho a reconocimiento en Puerto Rico si esa sentencia no es final, esto es, si el tribunal de Nueva York tiene el poder y la facultad de modificar retroactivamente la sentencia de alimentos. Se ha establecido que cuando un estado (Nueva York) tiene poder para modificar un decreto de alimentos retroactivamente, esa sentencia no es final si el tribunal de Nueva York tiene poder de cambiar la sentencia en cuanto a alimentos vencidos y tal sentencia de alimentos no puede ser ejecutada en otro sitio o en Puerto Rico, aun en cuanto a alimentos que se deban anteriormente. (Citas.)"

Durante algunos años las decisiones de las cortes de Nueva York habían sostenido que sus decretos de alimentos no podían ser variados o modificados retroactivamente en

cuanto a pensiones alimenticias vencidas y no satisfechas. (²)
La Corte Suprema de los Estados Unidos había dado igual
interpretación al estatuto de Nueva York (³) y había resuelto
que un decreto de alimentos dictado por las cortes de dicho
estado era final en cuanto a los alimentos atrasados y que
en su consecuencia el decreto estaba protegido por la cláusula
del pleno reconocimiento y validez (*full faith and credit
clause*). *Sistare* v. *Sistare* (1910) 218 U.S. 1, 54 L. ed.
905. Sin embargo las decisiones más recientes de las cortes
de Nueva York han dado una interpretación distinta al pro-
pio estatuto, al resolver que las cortes de Nueva York tienen
facultad para modificar o alterar un decreto de alimentos
retroactivamente aun en cuanto a las pensiones alimenticias
atrasadas. (⁴) Y en *Griffin* v. *Griffin* (1941) 327 U.S. 220,

---

(²)*Harris* v. *Harris*, (1932) 259 N.Y. 334, 182 N.E. 7 (*dictum*);
*Krauss* v. *Krauss*, (1908) 127 App. Div. 740, 111 N.Y.S. 788; *Van Horn*
v. *Van Horn*, (1921) 196 App. Div. 472, 188 N.Y.S. 98; *Parkinson* v.
*Parkinson*, (1928) 222 App. Div. 838, 226 N.Y.S. 454; *Brice* v. *Brice*,
(1929) 225 App. Div. 453, 233 N.Y.S. 366; *Jones* v. *Funke*, (1931) 232
App. Dic. 605, 251 N.Y.S. 135; *Smith* v. *Smith*, (1939) 255 App. Div.
652, 9 N.Y.S.2d 188; *Crawford* v. *Crawford*, (1927) 129 Misc. 683, 221
N.Y.S. 551; *McPartland* v. *McPartland*, (1932) 146 Misc. 672, 261 N.Y.S.
844; *Wiseman* v. *Wiseman*, (1939) 172 Misc. 114, 14 N.Y.S.2d 521.
(Citas de 6 A.L.R., pág. 1293, escolio 4.)

(³) La ley de Nueva York facultaba a las cortes para anular, variar
o modificar un decreto final de divorcio o separación en cuanto a los ali-
mentos concedidos a la mujer o a los hijos. La ley sin embargo no
distinguía entre los alimentos futuros y los vencidos o atrasados y no
satisfechos. La controversia entonces era la de si la facultad de anular,
variar o modificar el decreto de alimentos se extendía a las pensiones
atrasadas cuando no mediaba una orden o sentencia adjudicando las
sumas adeudadas. Véase la sec. 1170 de la Ley de Práctica Civil de
Nueva York según fue enmendada en 1925.

(⁴)*Karlin* v. *Karlin*, (1939) 280 N.Y. 32, 19 N.E.2d 669; *Van Dusen*
v. *Van Dusen*, (1940) 258 App. Div. 1020, 17 N.Y.S.2d 96; *Kahler* v.
*Searl*, (1940) 259 App. Div. 729, 18 N.Y.S.2d 246, revg 172 Misc. 79,
13 N.Y.S.2d 882; *Cunningham* v. *Cunningham*, (1941) 261 App. Div. 973,
25 N.Y.S.2d 933 (*semble*); *Frost* v. *Frost*, (1947) 189 Misc. 133, 71 N.Y.S.2d
438; *Griffin* v. *Griffin*, (1946) 327 U.S. 220, 90 L.ed. 635, 66 S.Ct. 556,
reh den 328 U.S. 876, 90 L.ed. 1645, 66 S.Ct. 975; *Lechner* v. *Lechner*,
(1944) 154 Fla. 114, 16 So.2d 816. Véase además, *Kirkbride* v. *Van
Note*, (1937) 275 N.Y. 244, 9 N.E.2d 852, 112 A.L.R. 243. (6 A.L.R. 2d,
págs. 1292 y 1293.)

90 L. ed. 635, el Tribunal Supremo Nacional apunta a la pág. 639 que bajo las leyes de Nueva York un decreto de alimentos está sujeto a ser modificado *nunc pro tunc*, en cuanto a los alimentos vencidos pero no satisfechos a la fecha de su modificación.

De todos modos, por las razones que apuntaremos más adelante, es innecesario enfrascarnos en la discusión de este problema. En virtud de las enmiendas hechas al estatuto de Nueva York, no tenemos que resolver si los decretos de alimentos de las cortes de dicho estado carecen de finalidad por estar sujetas a modificación y que en su consecuencia no están protegidas por la cláusula constitucional del pleno reconocimiento y validez (*full faith and credit clause*).([5]) Veamos. La sentencia que la demandante-recurrente intenta cobrar en Puerto Rico no es la original dictada en agosto 13 de 1945 por el Tribunal Supremo de Nueva York, Condado de Westchester, (decreto de separación y alimentos) sino la sentencia de dicho tribunal de 17 de noviembre de 1956, que hemos ya relacionado al comienzo de esta opinión y la cual hizo una adjudicación de las sumas adeudadas por el demandado recurrido a la demandante recurrente hasta el 18 de abril de 1956 en concepto de pensiones atrasadas.

En el año 1948 fue enmendada la sec. 1170 de la Ley de Práctica Civil de Nueva York. La enmienda aclaró definitivamente que la facultad de las cortes de Nueva York para anular, variar o modificar un decreto de alimentos se extendía tanto a las sumas impagadas o plazos vencidos como a las sumas o plazos a vencerse en el futuro pero sujeta dicha facultad a las disposiciones de la sec. 1171-*b*. De confor-

---

([5]) No estamos resolviendo que la cláusula constitucional del *"full faith and credit clause"* sea aplicable a Puerto Rico ni si es aplicable la ley del Congreso que hizo extensiva dicha cláusula a los territorios (28 U.S.C.A., Sección 1738). Nuestras leyes locales contienen disposiciones al efecto de que nuestros tribunales deben dar pleno reconocimiento y validez a las sentencias de las cortes de los Estados Unidos y de países extranjeros. Artículos 421, 422, 423, 424, 426, 429 y 430 del Código de Enjuiciamiento Civil (Ed. 1933). *Cf. Pratt* v. *Reuter*, 79 D.P.R. 962; *Ponce* v. *F. Badrena e Hijos, Inc.*, 74 D.P.R. 225.

midad con esta última sección, una vez que las cortes registran sentencias por las sumas atrasadas y no satisfechas, carecen de facultad para modificar tal sentencia. Véase Gilbert-Bliss, *Civil Practice of New York*, 1959 Cumulative Supplement, sec. 1170 y 1171(*b*); págs. 69 y 81.([6])

De suerte pues que contra una sentencia por pensiones alimenticias atrasadas registrada por las cortes de Nueva York, ya no puede esgrimirse válidamente el argumento de que dicha sentencia carece de finalidad y que por lo tanto no merece pleno reconocimiento y validez en otro estado. En su consecuencia resolvemos que el Tribunal Superior, Sala de San Juan, incurrió en error al no dar crédito y reconocimiento a la sentencia de la corte de Nueva York de 17 de noviembre de 1956.

*Por las razones expuestas se revocará la sentencia dictada por el Tribunal Superior desestimando la demanda y en su lugar se dictará otra condenando al demandado-recurrido a pagar a la demandante-recurrente la suma de $1,807.20 que representa las pensiones alimenticias adeudadas hasta abril 18 de 1956, más los $300 concedidos por la Corte Suprema de Nueva York para honorarios de abogado, más las costas y otra suma de $300 que se le imponen ahora al demandado en concepto de honorarios de abogado.*

El Juez Presidente Sr. Negrón Fernández no intervino.

---

([6]) La sec. 1170, después de consignar la facultad de las cortes de Nueva York para anular, variar o modificar un decreto de alimentos, dispone: "Sujeto a las disposiciones de la sección mil ciento setenta y uno (*b*) la autoridad concedida por esta sección se extenderá tanto a las sumas impagadas o plazos vencidos con anterioridad a la solicitud de modificación como a las sumas o plazos que venzan después." La sección 1171-*b* faculta a las cortes de Nueva York para registrar una sentencia por las pensiones vencidas y no pagadas, pudiendo ejecutarse dicha sentencia como cualquiera otra sentencia en cobro de dinero y luego agrega "disponiéndose que cuando de conformidad con esta sección se registre una sentencia por todas o parte de las pensiones atrasadas, dicha sentencia no estará sujeta a modificación bajo la facultad discrecional concedida por esta sección, y después de registrada tal sentencia el acreedor no podrá recobrar mediante remedio alguno una suma mayor que las pensiones atrasadas representadas por la sentencia.